GEIGER, Appellant, v. McMAHON, Respondent.

(139 N. W. 958.)

1.  **Frauds, Statute of—Water Right—Creation of Easement.**

    The right to convey water over the land of another, as an easement, is an interest in land, within the statute of frauds, requiring contracts for transfer of an interest in realty to be in writing.

2.  **Oral License Consummated—Creation of Easement.**

    An oral license or permit to convey water over another's, upon sufficient consideration, when acted upon and consummated by the parties, may constitute and create an easement without a writing.

3.  **Water Right—Revocation of License—Subsequent Conveyance of Land as Revocation.**

    An oral license or permit to convey water over another's land may be revoked at any time before it is acted upon and consummated, and a subsequent conveyance by owner of land prior to such consummation revokes, by implication, the license.

4.  **Irrigation—State Engineer's Permit—Land Title.**

    The state engineer cannot, and does not purport, by a permit to appropriate water, to take land or an interest therein from one person and give it to another, or otherwise interfere with land titles; nor can he thereby give lawful right to convey water over another's land by an irrigation ditch, without consent of the landowner.

5.  **Trespass—Irrigation Ditch—Injunction—Damages.**

    Where defendant by force and without right entered upon plaintiff's land and constructed an irrigation ditch, plaintiff was entitled to an injunction perpetually restraining defendant, and others acting for or under him, from continuing the tres-

pass by operating and maintaining the ditch, and to damages from construction and maintenance thereof.

(Opinion filed February 10, 1913.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Charles Geiger against Frank McMahon, to restrain defendant's alleged land trespass, and for damages. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Schrader & Lewis,* for Appellant.

An oral agreement to allow another to construct a ditch across his land even though executed is revocable at any time, creates no interest in the land, is contrary to the statute of frauds, and neither specific performance or estoppel can be based thereon. Spawn v. So. Dakota Central Railroad Co. (S. D.) 127 N. W. 648.

The transfer of the land by Coad to Matteson in 1893, was a revocation of any oral license to build a ditch across the premises given by Coad to the defendant prior to that time. Price & Baker Co. v. Madison, 17 S. D. 247; Polk v. Kearney 17 S. D. 336, 21 S. D. 295; Spawn v. South Dakota Cent. R. R. Co., (S. D.) 127 N. W. 648; and authorities cited in that decision; Peiffer v. Brown, W. Va., 49 L. R. A. 497, and the exhaustive review of the authorities cited in the notes; Thoenke v. Fiedler, (Wis.) 64 N. W. 1030; Nowlin Lumber Co. v. Wilson, (Mich.) 78 N. W. 338; see, also, Moody v. Howe, 17 S. D. 545.

Any oral license from Coad to defendant and any oral agreement between defendant and plaintiff for the construction of a ditch for the irrigation of the lands of defendant made prior to 1901, was abandoned by the transfer of defendant's land and appurtenances to Jennie J. McMahon in 1901. Polk v. Kearney, 17 South Dakota, 336; Jackson v. Babcock, 4 Johns, 418; Mendenhall v. Klinck, 51 N. Y., 246; 18 Am. and Eng. Enc. Law, 1143; Bates v. Duncan, (Ark.) 42 Southwestern 410; Ruggles v. Lesure, 24 Pick. 190; Dark v. Johnston, 55 Pa. 164; Cowles v. Kidder, 57 Am. Dec. 287.

The right to appropriate and use water for irrigation under the laws of this state is personal to the applicant, and such right is appurtenant to the lands of the owner described in his appliction and cannot be assigned to another except by a deed of the land or upon a special permit of the state engineer upon applica-

tion and publication of notice therefor for four weeks. Laws of 1907, 383, section 32; and 386, section 48.

Such right is an interest in real estate and a transfer can not be evidenced by parol.

*Robert Burton,* for Respondent.

Parol agreement is sufficient to establish partnership relation. Hardin v. Hardin, 26 S. D., 601, 129 N. W. 108.

In the case at bar, the evidence shows, and the trial court found, that the appellant and respondent entered into an oral agreement to jointly construct and maintain an irrigation ditch, they thereby assumed the mutual obligations which are coincident to partnership and co-tenancy. Appellant in his exceptions to the evidence at the trial of the case, and in his appeal and brief on appeal utterly ignored the fiduciary relationship existing between the appellant and respondent.

The purchase of an outstanding title to or claim against the common property by one tenant in common inures to the benefit of the co-tenant, even though the title purchased be the true title. 38 Cyc. 40, 43; Hardin v. Hardin, 26 S. D., 601; 129 N. W. 108; Saladin v. Kraaymanger, 96 Wis. 180, 70 N. W. 113; R. W. Warren v. R. L. Schamwald, et al., 62 Cal. 56; McCarthy v. Speed, et al., 11 S. D. 369; 12 S. D. 7.

It matters not whether the oral license or permission given by Coad to construct the ditch on the Coad land was revoked by transfer of the land, or whether it could have been revoked by a third party at will. The fact that the appellant and respondent, by their mutual agreement and joint expenditure of money and labor constructed what is known in this case as "The Old Ditch," and the fact that they continued to enjoy the use of the ditch up to the time of this trial is the controlling point to be considered in a just determination of this controversy. The fact that the appellant and respondent had only an oral license to maintain their ditch on the Coad land, did not prevent their enjoying the use of the ditch for some fifteen years, and it would be indeed a strange caprice of the law if the appellant, by purchasing the fee title to the land upon which the ditch is located, could set up that title against the respondent, his partner, co-owner and co-tenant in the ditch. It is clear that the appellant acquired title to the Coad land, subject

to all the rights of the respondent in the old ditch. And so far as the title to the right of way of the ditch is concerned, and the extension of the old ditch to the respondent's land, the appellant holds said fee title to the right of way in trust, subject to all the rights of the respondent.

The findings of fact and conclusions of law and judgment by the trial court are abundantly supported by the evidence, and the law in this case.

McCOY, J. This action was brought by plaintiff to restrain defendant from trespasing upon certain lads owned by plaintiff, and for damages. Upon the trial of the cause there was a verdict, and also findings by the court, in favor of defendant, and judgment entered thereon. Plaintiff appeals, assigning, among other things, the insufficiency of the evidence to justify or sustain the verdict or findings.

From the record it appears that plaintiff is the owner and in possession of the S. E. ¼ of section 14, township 2 S., range 9 E., Black Hills meridian, and that, on or about the 21st day of May, 1910, defendant, with a number of servants and assistants, with teams, plows and other implements, entered upon said land of plaintiff and, against the will and consent of plaintiff, commenced the digging and construction of a ditch across a portion of said land; that when defendant commenced the digging of said ditch plaintiff was present and told him not to do so; and that thereupon defendant and others assisting him assaulted, beat, and bruised and otherwise ill treated plaintiff and drove him from the locality where said ditch was being dug, and defendant then, over the protests of plaintiff, continued to and did complete the digging and construction of said ditch. There was some testimony tending to show that plaintiff was injured and damaged by the digging and construction of said ditch by being robbed and deprived of water to which plaintiff was rightfully entitled for the purpose of irrigating his own lands. As a defense and justification for so entering upon the said land of plaintiff, the defendant claims that one Coad, the former owner of said S. E. ¼ of section 14, about the year 1891 or 1892, orally, and, so far as shown by the record, wholly without consideration, gave to defendant and plaintiff jointly the right or license to construct an irrigation ditch across the said S. E. ¼ of section 14, and that after so obtaining such per-

mission from said Coad the plaintiff and defendant did jointly dig
and construct, between 1896 and 1901, a ditch across said S. E. ¼
of section 14, approximately in the location as shown and indicated
by the following plat:

The joint ditch so constructed by plaintiff and defendant be-
tween the years 1896 and 1901, inclusive, is designated on the plat
as the "Old Ditch" and the ditch in question, made by the defend-
ant in May, 1910, against the will and consent of plaintiff, is des-
ignated "New Ditch," and being between points A and B on said
plat. The old ditch so constructed by plaintiff and defendant was
jointly used and maintained by them after the construction there-
of. The defendant purchased the right of way for said old ditch
over the land of Parrish from the point where the same starts or

leads from Spring creek eastward. Plaintiff secured the right of way for said old ditch across the land of F. Geiger, and defendant claims Coad gave him oral permission or license in 1891 or 1892 to cross said S. E. ¼ of section 14 with an irrigation ditch. Plaintiff and defendant severally own the lands in section 23 crossed by said old ditch as indicated on the plat. In October, 1893, Coad conveyed all his right, title and interest in said S. E. ¼ of section 14 to one Matteson. In June, 1903, after several other mesne conveyances, plaintiff became the owner of said quarter section of land formerly owned by Coad. After plaintiff became the owner of said Coad land, he and defendant still used and maintained said old ditch jointly. Defendant also claims that plaintiff, sometime prior to May 21, 1910, gave him oral permission to dig and construct said new ditch. And defendant also claims that the state engineer gave him a permit to construct said new ditch. There is no question of any kind presented by the record as to the rights of either plaintiff or defendant in relation to the use or ownership of the old ditch. The questions relate solely to the right of defendant to enter plaintiff's said land and to dig and construct said new ditch against the will and consent of plaintiff. We are clearly of the opinion that defendant has shown no right or justification, either legal or equitable, for so entering upon plaintiff's land.

[1-3] All the evidence offered by defendant in relation to the oral permission claimed to have been given by Coad to cross said land with a ditch, and all the evidence offered in relation to oral permission claimed to have been given by plaintiff to construct said new ditch was received over proper and timely objections and exceptions of plaintiff that the same was incompetent, on the ground that such permission created an interest in real estate and could not be established by oral testimony. The permission given by Coad was merely a license, wholly without consideration, which never became executed, or in any manner acted upon or consummated, while Coad owned the land, and which was by implication revoked when Coad transferred his interest in the land to Matteson. Coad transferred to Matteson long prior to the construction of any part of the old ditch across this land. The right to convey water over the land of another, as an easement, is an interest in land, within the operation of the statute of frauds, requiring contracts for a transfer of an interest in real property to

be in writing. It also seems to be generally held that an oral license or permit to so convey water, when upon sufficient consideration, and when acted upon and consummated by the parties, may constitute and create an easement without a writing. And it also seems to be generally held that an oral license or permit to so convey water may, at any time before being acted upon and consummated by the parties, be revoked, and that a subsequent conveyance by the owner of the land, made prior to the actual consummation of an oral license, has the effect of revoking such oral license by implication. It therefore necessarily follows, under the circumstances disclosed by the record in this case, that the oral permission to cross said land with said old ditch, given by Coad in 1891 or 1892, was revoked by the transfer to Matteson in 1893. It also follows, for the same reasons, that if plaintiff, at any time prior to May 21, 1910, ever gave defendant oral permission to enter and construct said new ditch across his land, that plaintiff had the right, at any time before the construction of said new ditch, to revoke such oral permission; and the record discloses that he did in fact so revoke such oral permission, if the same was ever given.

[4] The permit to appropriate a portion of the waters of Spring creek, given to defendant by the state engineer, will in no manner assist defendant in this case. The permit given to appropriate water by the state engineer, under the statute of this state, can only give a permit to appropriate public waters which are the proper subject of appropriation for the purposes of irrigation. The state engineer, by a permit to appropriate water, cannot take land, or an interest in land, from one person and give it to another, or otherwise interfere with land titles. The state enginer, by his permit, cannot give one person the lawful right to convey water over and across the lands of another by means of an irrigation ditch, without the consent of the land owner. So far as appears from the record, the state engineer has not attempted to do anything of the kind; neither does his permit, on its face, purport to in any manner interfere with or relate to plaintiff's land title. It only became necessary to refer to the permit of the state engineer in this case, by reason of the fact that defendant has pleaded such permit and offered the same in evidence as a part of his defense and justi-

fication for entering plaintiff's land and constructing said new ditch.

[5] As we view this case, defendant has shown no right to enter and construct said new ditch upon plaintiff's land; and therefore the verdict and findings are clearly not sustained by the evidence. Defendant, under the circumstances of this case, had no right to take the law into his own hands and by force enter upon plaintiff's land for the purpose of constructing said new ditch. He was plainly a wrongdoer. Plaintiff was entitled to injunction perpetually restraining defendant, and others acting for or under him, from the continuing trespass or operating and maintaining said new ditch; and plaintiff was also entitled to recover from defendant whatever damage, if any, was sustained by plaintiff as the proximate result of the said entering upon said land and the construction and maintenance of said new ditch.

The judgment and order appealed from are reversed, and the cause remanded for new trial in accordance with this decision.