STATE *v.* FORMBY.

Criminal 4074

Opinion delivered March 7, 1938.

*Jack Holt,* Attorney General, *John P. Streepey,* Assistant and *J. Hugh Wharton,* for appellant.

*Bush & Bush,* for appellee.

*Rowell, Rowell & Dickey, amici curiae.*

HUMPHREYS, J. Appellees, there being seven of them, were each charged in the municipal court of the city of Hope, Hempstead county, with "driving and operating a motor truck with a load in excess of that permitted by the law." Some of them were charged with other violations of the law in driving or operating their respective trucks.

Upon a hearing in the municipal court, R. D. Barham, T. A. Goheen, J. T. McAdams, Jr., H. D. Mann, Roy Ward, Trosey Formby and D. L. McDonald were each fined $10 for driving and operating a motor truck with a load in excess of that permitted by law and D. L. McDonald was also fined $10 on account of a faulty tail light, $1 for improper marking on the truck and $1 for not having a muffler on the truck.

Each of the appellees appealed from the judgments of conviction to the circuit court of Hempstead county, where the cases were consolidated for purposes of trial, and upon a hearing of the consolidated cases the circuit court instructed a verdict of not guilty in favor of appellees, and rendered a judgment thereon discharging them, from which the state of Arkansas has duly prosecuted an appeal to this court.

The record reflects that all of the appellees had 1½-ton trucks and 1½-ton licenses on them and that Barham had a 1½-ton license on his trailer and that each was hauling the following loads: Formby 8,400 pounds, McAdams, 5,900 pounds, Mann 6,700 pounds, Ward 5,100 pounds, Goheen 5,300 pounds, McDonald 11,735 pounds and Barham 15,460 pounds on truck and trailer. All the trucks had 32x6 single tires on front wheels and all of them had 32x6 dual tires on rear wheels, and the trailer had the same kind of tires as the trucks. With this character of tires they had a load capacity of about 12,000 pounds each. No proof was introduced upon any of the other charges, but was directed to the charge of driving

and operating motor trucks with a load in excess of that permitted by law.

There is no disputed question of fact in these cases. The only question involved on this appeal is whether one can procure a 1½-ton license on a truck equipped to carry a much larger load than 3,000 pounds and use the same on the highways of this state in carrying loads greatly in excess of 3,000 pounds. The only statute regulating the amount to be paid by those operating trucks on the highways of the state is act 65 of the Acts of 1929 and amendments thereto. Sub-section (N) of § 24 of said act makes it unlawful for any person to operate a motor truck on the highways of this state without having paid the license fee required by the act. This act was construed by our court in the case of *Commercial Warehouse* v. *State,* 187 Ark. 851, 62 S. W. 2d 20, in which it was said that the intention of the lawmakers was to require the payment of license fees in proportion to the load capacity of the vehicles. In that case this court specifically said that if the owner of a truck wishes to operate his truck on a 2½-ton license, it should limit its load to 2½ tons. And if he wishes to have a greater tonnage then he should get a license covering the greater load. We think the decision of this court in that case correctly declared the intention of the legislature in passing said act. If the intention of the act was to permit one to purchase a license to operate a 1½-ton truck with capacity to haul 3,000 pounds and then haul a load largely in excess of 3,000 pounds he would escape the payment of the higher license fee required by law for such loads. Appellees attempt to justify the very large loads they were hauling in excess of 3,000 pounds by the fact that their respective motor trucks were equipped by having dual tires on the rear wheels to carry much larger than 3,000 pound loads. They say they were permitted to so equip their motor trucks under act 300 of the Acts of 1937 and that under the provisions of the act each of appellees except Barham was permitted to carry 12,800 pounds on his truck, and that Barham was permitted to carry 21,200 pounds on his truck and trailer on account of the dual tires thereon

without the payment of license fees in proportion to the load capacity of said trucks. The act referred to did not deal with the license fees for operating trucks on highways. The act did not attempt to fix the license fees for operating trucks on the highways which had been equipped to increase the capacity of the trucks. Act 300 of the Acts of 1937 did not repeal act 65 of the Acts of 1929 expressly or by implication, and, as the laws now stand, act 65 of the Acts of 1929, with amendments thereto, is the only act dealing with license fees for operating trucks on the highways of the state. As stated above, that act has been construed by this court as intending to require the payment of license fees in proportion to the load capacity of the trucks.

The court erred in instructing a verdict for appellees and rendering a judgment discharging them. The judgment is, therefore, reversed, and the cause is remanded for a new trial.