STATE EX REL. KOCH, Appellant, vs. RETIREMENT BOARD
OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND
OF THE CITY OF MILWAUKEE and others, Respondents.*

*January 18—February 15, 1944.*

* Motion for rehearing denied, without costs, on April 24, 1944.

*Ronald A. Padway* of Milwaukee, for the appellant.

For the respondents there was a brief by *Walter J. Mattison,* city attorney, *John J. Dolan* and *Richard F. Maruszewski,* assistant city attorneys, and oral argument by *Mr. Dolan* and *Mr. Maruszewski.*

FRITZ, J.    Upon defendants' motion in the trial court to quash the alternative writ of *mandamus,* and likewise on this appeal, the ultimate crucial issue is whether the facts alleged in the petition are sufficient to constitute a cause of action for the relief prayed for.    The determination of that issue is dependent upon solely the facts actually alleged in the petition; and not upon various other matters which were asserted during the oral argument in behalf of the petitioner, but as to which there are no allegations in the petition.    Briefly stated the allegations therein as to matters pertinent here are to the following effect: That in 1926 petitioner was appointed and thereafter served as "a senior clerk-stenographer in the Milwaukee police department" until, on May 21, 1936, her services were duly terminated by a written notice, which also stated that her name would be dropped on June 1, 1936, from the pay roll of the department due to illness, because of which she had been on sick leave since December 30, 1935, and the department's physicians had reported that she was permanently incapacitated to perform any further work in the department. That in 1926 when she was first so employed, and thereafter, there was in effect ch. 589, Laws of 1921, under which there was set up a pension system for employees of the Milwaukee police department; and that petitioner was entitled to have certain annuity and benefit fund accounts set up, established, and maintained by the respondent, Retirement Board, in her name and to her credit on its books of the fund, and to have annuity and benefit accumulations accrue and be credited to her in the manner and amount prescribed by said law for the purpose of possible subsequent payment of a so-called "ordinary disability

benefit" upon her separation from the police department. That no such account or fund was set up or established for her or in her name; that in all ways she was not recognized as a member or participant in the annuity and benefit fund; that she has not made payment of moneys into said fund and into her pension account for the reason that she was never considered by the police authorities to be a member of and entitled to participate in said fund; that while so employed in the Milwaukee police department she made inquiry as to such participation and requested to be included as a member of said fund, and was advised that she was not entitled to participate therein; but that she was at all times ready and willing to make contributions to said fund, and it was within the power and duty of the trustees thereof to make deductions from the petitioner's pay check for said purpose from time to time.

In support of petitioner's claim that she was entitled to have an account for such benefits set up in her name and to be paid such disability benefits, she contends that by reason of being employed as a senior clerk-stenographer in the police department she was within the definition of "policemen" in sub. 13 (a), ch. 589, Laws of 1921, which reads:

" 'Policemen:' Any person who was, is, or shall be employed by such city as a member of the police department of such city, and any person who was, is, or shall be employed as a police officer by the board of park commissioners of such city. Emergency employees shall not be included."

On the other hand, respondents contend that the employment of petitioner as "a senior clerk-stenographer in the Milwaukee police department" was not the employment of her "as a member of the police department;" that it was the legislative intent, under ch. 589, Laws of 1921, to include as participants in benefits to be paid out of the policemen's annuity and benefit fund only those who were employed as members of the police department or who were the widows or orphaned

children of such members, and that the purpose of the fund was to provide for the care of members who became ill or disabled in the line of duty, and for the care, in the event of their death, of their widows and orphaned children; that the benefits provided were designed to meet the peculiar hazards incurred in the performance of the duties of police officers, and are such that the pension system created cannot readily be applied to those otherwise employed in the police department in such nonhazardous positions as stenographers, telephone operators, etc.; and that petitioner was never entitled to have an account for such benefits set up in her name, or to be paid such benefits.

In passing upon those contentions it must be noted at the outset that petitioner's allegation that there was set up under ch. 589, Laws of 1921, "a pension system for employees of the Milwaukee police department" is an erroneous conclusion of law if petitioner intends to assert thereby that the pension system which was set up was for the purpose of providing pensions for the benefit of all employees in the department, regardless of the nature of their particular duties, or the hazards involved in the performance thereof. On the contrary, that the system and the annuity and benefit funds were not intended to be for the purpose of providing pensions for the benefit of all employees in the police department is evident from the provision in the title of ch. 589, Laws of 1921, as well as the provision in sec. 1 thereof, that the funds are "for the benefit of policemen employed by such cities, and of the widows and children of such policemen and of all contributors to, participants in, and beneficiaries of any policemen's pension fund in operation, by authority of law, in any such city at the time this act shall come into effect." By thus expressly including also the widows and orphans of deceased members of the police department as participants in the pension benefits there is evidenced the intent to provide for the care of those subjected to

the consequences of the greater hazards incurred as police officers by members of police departments in the line of their duties. Because of such greater hazards it can rightly be considered to be necessary and proper to provide pensions not only for such members, but also for the care, in the event of their death in the line of duty, of their widows and orphaned children.

However, it does not appear that an employee engaged to perform such duties as those of "a senior clerk-stenographer in the Milwaukee police department" is subjected to such hazards as would warrant including such an employee in the same class as the members of the police department, for whose widows and orphaned children there is occasion to provide pensions payable in the event of death. As there are no allegations that plaintiff was a "member of the police department," or as to what her duties were, or what she did as a senior clerk-stenographer in the police department, there is no factual basis because of which she can be considered to have been a "policeman" and entitled as such to benefits under ch. 589, Laws of 1921.

Furthermore, on the question as to whether it was intended under the act to have a senior clerk-stenographer in the police department considered to be a member thereof so as to be entitled to the pension benefits, there is of considerable significance in this case the practical construction to the contrary, which is evidenced by the matters alleged in the petition to the following effect. During all the years of her employment as such clerk-stenographer, the petitioner had not paid any moneys into said annuity and pension fund or into her pension account "for the reason that she was never considered by the police authorities to be a member of and entitled to participate in the afore-mentioned annuity and benefit fund." While so employed she made inquiry as to participation in the fund and requested to be included as a member thereof, but

was advised that she was not entitled to participate therein. Although she was at all times ready and willing to make contributions to the fund, and claims it was within the power and the duty of the trustees of the fund to make deductions from her pay check for said purpose from time to time, no fund account and no fund balance was set up and established for her and in her name; and in all ways she was not recognized as a member or participant in the fund. As it clearly appears from these facts that there has been a practical construction given to the act for many years by the board intrusted with the administration thereof, its construction must be considered controlling in this action. As we said in *State ex rel. Green v. Clark,* 235 Wis. 628, 630, 294 N. W. 25,—

" . . . the practical construction, long continued, given to a statute by those intrusted with its administration is 'of great weight and is oftentimes decisive' in determining its meaning. *State v. Johnson,* 186 Wis. 59, 69, 202 N. W. 319."

That rule is particularly applicable here in view of the petitioner's failure to take any action, during the years from 1926 until the commencement of this action, to avoid the construction given to the statute by the board, and of which she knew upon its refusal to permit her to make any contributions to the fund or to consider her a member of the police department or a participant in the pension fund. Under these circumstances there is applicable by analogy the conclusion stated in *Marinette, T. & W. R. Co. v. Railroad Comm.* 195 Wis. 462, 465, 218 N. W. 724,—

"If we were presently disposed to consider the proper construction of the statute doubtful, this practical construction of the statute long followed by the Railroad Commission with the apparent acquiescence of the legislature as well as those affected thereby, would be entitled to great weight."

*By the Court.*—Order affirmed.

FOWLER, J. (*dissenting*). I concur in the result of the decision because I think the case is barred by sec. 330.26, Stats., which reads:

"*Other personal actions.* All personal actions on any contract not limited by this chapter or any other law of this state shall be brought within ten years after the accruing of the cause of action."

Under that statute the plaintiff was bound to take steps to get her name placed upon the list of the beneficiaries of the act upon which this action is based. Her right of action to compel this accrued in 1927 when she entered the service of the department and the instant action was not commenced until 1942.

I do not agree with the reasoning upon which the decision is based because I think that the act involved, ch. 589, Laws of 1921, on its face is not ambiguous and therefore not subject to construction.

As to practical construction, I think that question is not before us because the acts of officials having administration of the act claimed to constitute practical construction are not in the record.

The following opinion was filed April 24, 1944:

FRITZ, J. (*on motion for rehearing*). Upon petitioner's motion for a rehearing there are asserted numerous matters of fact which were not alleged in her petition, and therefore were not involved and could not be taken into consideration by the trial court in granting the order to quash the writ, or by this court in reviewing and affirming that order. The motion to quash and the appeal presented the same questions that would ordinarily be raised by an order sustaining a demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action.

The determination in our original opinion, based upon petitioner's allegations that she was a stenographer in the police department, is to the effect that under the statute as construed by us she showed no right to participation in a pension fund by reason of such allegation. The decision determines nothing beyond this, and, particularly, does not determine the status of persons who, although not formally designated "policemen," may have had assigned to them many of the same hazardous duties as are ordinarily considered to be police activities. Upon these matters we make no determination and express no opinion.

However, in so far as the motion to quash was in the nature of a demurrer, it may be proper, upon a sufficient showing in the trial court, to provide, in connection with the order quashing the writ, for the granting of leave to petitioner to amend her petition if there are other facts which may materially alter or affect her status.

*By the Court.*—Motion denied, without costs; and cause remanded for further proceedings in accordance herewith.