STATE OF IOWA, Appellee, v. ZIFFORD ROBBINS, Appellant.

No. 46552.

OCTOBER 17, 1944.

REHEARING DENIED JANUARY 13, 1945.

S. L. Winters, of Omaha, Nebraska, for appellant.

John M. Rankin, Attorney General, Wm. F. McFarlin, Assistant Attorney General, and Harold E. Hanson, County Attorney, for appellee.

BLISS, J.— ▮ The facts are not in material dispute. The defendant was an employee—a truck driver—of Knowles Vans, Inc., which company was a resident of Nebraska, engaged in the transportation for hire of merchandise by motor vehicles. The vehicle operated on this occasion was a truck tractor and semitrailer. The empty weight of the tractor, according to its registration certificate, was 5,940 pounds. The empty weight of the semitrailer, according to its registration certificate, was 7,040 pounds or 9,300 pounds. It appears both ways in the record. These weights were also printed on the outside of each vehicle. Neither vehicle was registered in Iowa, but both were registered in Nebraska and bore the registration plates required by the Nebraska statutes. The manufacturer's rated capacity of the semitrailer was three tons, and under the Nebraska statute, as proven and stipulated, a three-ton truck has a tolerance of 1,000 pounds; that is, under the Nebraska law a truck with a three-ton

rated capacity may carry a load of 7,000 pounds. This semi-trailer, according to its certificate and plates, had been registered in Nebraska for a carried load weight of not to exceed 7,000 pounds.

On January 15, 1944, the defendant, with this combination vehicle, drove from Omaha, Nebraska, to Sioux City, Iowa, to pick up a load for transportation to Denver, Colorado. The truck was empty when it left Omaha. At Salix, just out of Sioux City, some household goods were loaded, and the defendant then proceeded to Sioux City and had the vehicle and load weighed. He then put on the remainder of his load, and as it was then too late to have another weight taken he proceeded back to Omaha. At Missouri Valley an officer of the Iowa road patrol stopped the defendant and weighed the tractor, semi-trailer, and load. The total weight was 24,400 pounds. It is conceded that the load carried was at least 9,160 pounds. The defendant was then arrested.

I. It is the contention of the appellant that the combination motor vehicle which he was operating was duly registered under the statutes of Nebraska and bore the proper evidence thereof, and that under the reciprocity statutes in force in Iowa and Nebraska, no additional registration, license, or fee was required for its operation in Iowa, and no statute of Iowa was violated. It is true that the tractor and semitrailer were duly registered in Nebraska, but such registration and the permission granted were only for a maximum load on the semitrailer of 7,000 pounds. Had it been carrying no greater load it would have been fully protected by the reciprocity statutes and would have violated no law of Iowa. But when the vehicle was licensed to carry a load only up to 7,000 pounds in Nebraska, it impliedly follows that it was not licensed or registered to operate with a load in excess thereof on the highways of Nebraska, and therefore was not protected by the reciprocity statutes while being operated with the excessive load in Iowa.

Section 5003.01, Code of 1939, is as follows:

"Nonresident owners exempt. A nonresident owner, except as otherwise provided in sections 5003.02 and 5003.03, owning any foreign vehicle of a type otherwise subject to registration may operate or permit the operation of such vehicle

within this state without registering such vehicle in, or paying any fees to, this state subject to the condition that such vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration card and registration plate or plates issued for such vehicle in the place of residence of such owner.''

Section 5003.04, as amended by the Fiftieth General Assembly, provides:

''Scope of exemption. The provisions of section 5003.01 shall be operative as to a vehicle owned by a nonresident of this state to the extent that under the laws of the foreign country, state, territory, or federal district of his residence like exemptions and privileges are granted to vehicles duly registered under the laws, and owned by the residents of this state.''

The appellant offered proof, and the appellee conceded, that Nebraska has enacted like reciprocity statutes giving like privileges to Iowa trucks and truck operators on the highways of Nebraska.

Section 5000.01(22) defines ''gross weight'' as ''the empty weight of a vehicle plus the maximum load to be carried thereon.'' The ''maximum load to be carried thereon'' is the load as determined by the gross weight at which the truck is registered, plus any statutory tolerance. The various gross weights of trucks having pneumatic tires and the respective registration fees based on these weights are provided for in section 5008.15, Code of 1939.

If the truck operator desires to carry a load which will increase the gross weight over the gross weight at which the truck is registered he is required to pay an additional fee, as provided by section 5035.15, which, as amended by the Fiftieth General Assembly, is as follows, so far as pertinent:

''Loading capacity. An increased gross weight registration may be obtained for any vehicle by payment of the difference between the annual fee for the higher gross weight and the amount of the fee for the gross weight at which it is registered * * *. It shall be unlawful for any person to operate a motor truck, trailer, truck tractor, road tractor, semitrailer or com-

bination thereof, on the public highways with a gross weight exceeding that for which it is registered * * *.''

The remainder of the section increases the per cent of tolerance for certain specified kinds of loads not material here.

In the absence of proof to the contrary, we may assume that in Nebraska there is a like provision making it unlawful for trucks to carry loads in excess of the limitation for which the truck is registered, and that it would have been unlawful for the vehicle operated by appellant to have carried in Nebraska, under its registration, the load which it was carrying in Iowa. We think it was not the intention of the Iowa lawmakers in enacting the reciprocity statute to permit a Nebraska truck owner to operate a truck upon the highways of Iowa carrying a load in excess of the tonnage for which the truck was licensed and registered in Nebraska. Such a truck so loaded is not ''duly registered'' in Nebraska within the meaning of said term as used in said sections 5003.01 and 5003.04, nor protected by said sections when operated in Iowa, but is being operated therein in violation of section 5001.01 of the 1939 Code.

The cost of the license of a truck which is used on the highways is based largely upon the servitude to which the road is subjected by the weight of the vehicle and its load. Patterson v. Southern Ry. Co., 214 N. C. 38, 198 S. E. 364, 369. See, also, Solberg v. Davenport, 211 Iowa 612, 232 N. W. 477. The sound rule would seem to be that one operating a truck with a load thereon greater than the tonnage on which the license fee was based has violated the licensing statute. In Commercial Warehouse v. State, 187 Ark. 851, 62 S. W. 2d 20, the court affirmed the conviction of one who had paid a license fee based on a two-and-one-half-ton capacity but was carrying five and one-half tons when arrested. The court said:

''If appellant could obtain a license for a 2½-ton truck and then haul 5 or 6 ton loads, it would escape the payment of the higher license fee required by law for such loads. The object of the lawmakers seems to have been to require the payment of license fees in proportion to the load capacity of the vehicles, because the heavier the load, the more the damage is to the highways over which it operates. Therefore, if appellant wishes to

operate its truck on a 2½-ton license, it should limit its load to 2½ tons. If it wishes to have a greater tonnage, then it should get a license covering the greater load. It would not be thought proper to operate a Cadillac automobile with a Ford license, yet the same principle is involved."

This holding was followed in State v. Formby, 195 Ark. 746, 114 S. W. 2d 5, under like circumstances. In Waters v. State, 25 Ala. 144, 142 So. 113, where the manufacturer's rated capacity had been for many years treated as the sole basis for the amount of the license fee, it was held no offense to carry a load in excess of the rated capacity. Such a view is contrary to public policy in Iowa, as evidenced by its statutes.

The administrative interpretation of the pertinent Nebraska and Iowa statutes, as made by the governmental departments of each state charged with administering and enforcing motor-vehicle legislation, supports our conclusion. While we have found no express legislative permission authorizing the Iowa motor-vehicle department to enter into agreements with like departments in other states respecting the construction and enforcement of the reciprocity statutes, the desirability for cooperation between the departments in charge, and a common policy having regard for the convenience and needs of interstate and intrastate motor-vehicle transportation, make such agreements a practical necessity. Such reciprocity agreements, partly in writing and partly verbal, were in force between the administrative and enforcing officers of Iowa and Nebraska.

The appellant called as his witness a special agent of the Iowa Department of Public Safety. He testified as to these agreements. Bearing directly upon the issue before the trial court, he was asked to state his construction with reference to requiring a license in Iowa when the truck had been licensed in Nebraska, to wit:

"Q. If it even had a load which would be less than, or equal to, within a thousand pounds tolerance, if it had that kind of a load your administrative construction is that it was authorized to operate in the State of Nebraska without getting a license in * * * Iowa? A. Yes, sir; providing it *had seven thousand pounds or less* and it was an interstate shipment, we would have then allowed the operation *on that* in our state."

In answer to a like question, he replied that a license would not be required in Iowa, if the truck was licensed in Nebraska, "providing it was not overloaded."

He further testified, on recross-examination, as follows:

"Q. I want to get this clear, now. Is it the administrative interpretation of your department that a foreign owned truck can operate on the highways in the State of Iowa under a registration that permits it to carry a load of no more than seven thousand pounds and then carrying a load in excess of that amount? A. Absolutely not. * * * Q. In other words, you recognize the truck's registration of a foreign state only so long as it limits its loads to the weights for which it is registered in a foreign state; is that right? A. That is right."

On cross-examination of this witness, he produced a letter dated March 18, 1944, addressed to the Superintendent of Motor Vehicle Registrations at Des Moines, and written by the Assistant Director of the Motor Vehicle Division of Nebraska, as follows:

"Confirming our telephone conversation of this date, we advise that under the verbal reciprocity agreement we have with your State, any Iowa licensed trucker who is picked up by our Patrol and found to be over the capacity for which he is licensed in the State of Iowa is subject to purchasing Nebraska plates, by reason of the fact that reciprocity is granted only to those who are not in-violation of the laws of the state in which they are registered."

It thus appears that licensed trucks of resident owners of either Nebraska or Iowa, when driven over the highways of the state in which they are not licensed, carrying a load in excess of the weight for which they are registered, are not protected by the reciprocity statutes or agreements of either state.

Appellant contends that these agreements must not be contrary, to the reciprocity statutes. We think this is sound. But it is our judgment that the agreements are in accord with the legislative intent and with a proper construction of the statutes. While these departmental constructions are not conclusive upon the courts, they are entitled to weight and consideration, and

the practical interpretation placed upon the statutes by officers whose duty it is to administer and enforce them ought not be lightly discarded by the courts. King v. District of Columbia, 51 App. D. C. 160, 277 F. 562; Waters v. State, supra, 25 Ala. 144, 142 So. 113; Pitney v. Kelly, 21 N. J. Misc. 405, 34 A. 2d 547; Hardecker v. Board of Education, 180 Misc. 1008, 44 N. Y. S. 2d 855, affirmed 266 App. Div. 980, 44 N. Y. S. 2d 959; Charles Hughes Co. v. Securities and Exchange Comm., 2 Cir., N. Y., 139 F. 2d 434 [certiorari denied 321 U. S. 786, 64 S. Ct. 721, 88 L. Ed. 1077]; Marshall-Wells Co. v. Hawley, D. C., Minn., 53 F. Supp. 295; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So. 2d 787; Shealor v. City of Lodi, 23 Cal. 2d 647, 145 P. 2d 574; Mattson v. Flynn, 216 Minn. 354, 13 N. W. 2d 11; State ex rel. Koch v. Retirement Board, 244 Wis. 580, 13 N. W. 2d 56, 14 N. W. 2d 177.

The judgment is—Affirmed.

OLIVER, HALE, GARFIELD, WENNERSTRUM, and MULRONEY, JJ., concur.