MERCHANTS MOTOR FREIGHT, INC., Appellee, v. STATE HIGHWAY COMMISSION et al., Appellants.

No. 47217.

(Reported in 32 N. W. 2d 773)

JUNE 15, 1948.

Robert Larson, Attorney General, Don Hise, First Assistant Attorney General, and Hextell & Beving, of Des Moines, for appellants.

Cosson, Stevens, Hauge & Cosson, of Des Moines, for appellee.

HAYS, J.—Plaintiff, a Minnesota corporation, operates motor trucks transporting freight over established routes and between fixed terminals both within and without the state of Iowa. Some

of its trucks are Iowa licensed. Some bear Minnesota registrations. Plaintiff alleges that it has complied with Iowa registration statutes, as construed by the Motor Vehicle Department of Iowa. That the defendants, claiming that plaintiff's trucks which bear the Minnesota registrations are improperly licensed, are charging plaintiff's drivers with violating the motor vehicle statutes and issuing summonses to them on account thereof. It asks that defendants' rights, status and authority, relative to the enforcement of the motor vehicle statutes be declared to be limited to size, weight and load and that defendants be enjoined from acting beyond that limitation.

Defendants assert that the plaintiff's trucks are improperly licensed; that they should bear Iowa licenses, and that under the Iowa statutes the Commission is charged with the duty of enforcing the motor vehicle statutes as to registration as well as to size, weight and load; that plaintiff, being a law violator, is not entitled to equitable relief.

The trial court held the question of whether plaintiff's trucks were properly licensed or not was immaterial and limited the hearing to the sole question of authority to enforce the motor vehicle statutes of this state. It held this authority was limited to size, weight and load, and granted an injunction. Defendants appeal.

I. All Iowa rules and regulations governing motor traffic on the state highways are based upon statutes. Both the Iowa State Highway Commission and the Motor Vehicle Department are creatures of statute and but agents of the state in the carrying out of the legislative provisions governing highways and their use. Except as authorized by statute, these agencies are without authority to act, and an analysis of our various statutes is necessary in determining this basic question. State v. F. W. Fitch Co., 236 Iowa 208, 17 N. W. 2d 380.

Chapters 307 and 313 create the State Highway Commission and designate its duties, generally. In neither chapter is found authority to in any manner supervise or be concerned with traffic on the highways. If such authority exists it must be found in other chapters of the Code. (All references are to the Code of 1946 unless stated otherwise.)

Chapter 80 provides for a Department of Public Safety. Section 80.9 states:

"It shall be the duty of the department of public safety to prevent crime, to detect and apprehend criminals and to enforce such other laws as are hereinafter specified."

Section 80.22 provides:

"All other departments and bureaus of the state are hereby prohibited from employing special peace officers or conferring upon regular employees any police powers to enforce provisions of the statutes, which are specifically reserved by this act [48 GA, ch 120] to this department."

Chapter 321 pertains to Motor Vehicles and Law of Road. Section 321.2 states:

"The department of public safety, under the commissioner thereof, shall constitute the motor vehicle department for the administration and enforcement of this chapter."

Thus it is clear that the statutory duty to enforce the motor vehicle laws is specifically reserved to the department of public safety, and under section 80.22, other departments and bureaus of the state are prohibited from enforcing them. This bar applies to the defendant State Highway Commission. This chapter, 321, is all-inclusive in so far as motor vehicles are concerned and includes license and registration, weight, size and load of vehicles and the law of the road. Sections 321.17 to 321.56, inclusive, contain the regulations relative to license, registration and permits for both resident and nonresident owned vehicles. Section 321.56 clearly contemplates reciprocity agreements between Iowa and the various states, although no express legislative authority is found therefor. In view of the provisions of section 321.2, the duty and responsibility of reciprocity agreements, rests with the department of public safety. See State v. Robbins, 235 Iowa 602, 15 N. W. 2d 877.

Sections 321.452 to 321.481, inclusive, pertain to size, weight and load of vehicles using the highways, and here is found an exception to section 321.2 in that in addition to the authority

vested in the motor vehicle department, the legislature has given a concurrent authority to the highway commission in these matters. Section 321.476 states:

"Authority is hereby given to the state highway commission to stop any motor vehicle or trailer on the highways for the purposes of weighing and inspection, to weigh and inspect the same and to enforce the provisions of the motor vehicle laws relating to the size, weight, and load of motor vehicles and trailers."

This section grants the authority for the highway commission to enforce the provisions of this chapter as to size, weight and load, and limits it to those matters. Section 321.477 states:

"The state highway commission may designate by resolution certain of its employees upon each of whom there is hereby conferred the authority of a peace officer to control, direct, and weigh traffic on the highways, and to make arrests for violations of the motor vehicle laws relating to the size, weight, and load of motor vehicles."

This section, which must be considered in conjunction with section 321.476, merely provides the highway commission with the means to enforce and carry out the authority granted in section 321.476. No additional authority is granted therein.

Appellants contend that by using the word "control" in section 321.477, the legislature granted to them authority over registration and licenses. However, the word "control" as here used applies not to the authority to act but to enforcement of that authority. Control is defined in Webster's New International Dictionary, Second Edition, as "To exercise restraining or directing influence over; to dominate; regulate; hence, to hold from action; to curb." Appellants further contend that under section 321.492, its employees, designated in section 321.477, are given specific authority to act in regard to registration and licenses, it being their theory that these employees are peace officers. Section 321.492 does grant to any peace officer the right to inspect registrations, but the fallacy of appellant's position lies in the fact that the employees are

not peace officers. Section 321.1(45) defines "Peace officer" for the purposes of the chapter to mean "every officer authorized to direct or regulate traffic or to make arrests for violations of traffic regulations in addition to its meaning in section 748.3." Section 321.1(65) defines "traffic" to mean "pedestrians, ridden or herded animals, vehicles, streetcars, and other conveyances either singly or together while using any highway for purposes of travel." To say that when the legislature conferred on certain highway commission employees "the authority of peace officers to control, direct, and weigh traffic on the highways" it intended to vest them with the authority conferred by section 321.1(45) and section 748.4 is without merit. The authority of the defendants, under the motor vehicle statutes, is limited to size, weight and load of vehicles, and the trial court was correct in so holding.

II. Appellants state that even though no statutory authorization exists for enforcing the motor vehicle laws as to license and registration, a violation thereof constitutes a misdemeanor, section 321.17; that when committed in his presence any person may arrest, and the fact that the defendants are clothed with the authority of peace officers does not prevent them from acting as individuals. This no doubt is true, but is not a question presented here for determination. The record clearly shows that defendants acted, and in the future will act, officially and under orders from the Highway Commission. Furthermore, the appellants do not threaten arrests and have not arrested. They have issued summonses which are not authorized by section 755.5. There is no merit in this contention.

III. Appellants contend that a declaratory action does not lie because the record shows that appellee's alleged rights have been interfered with and the question is a moot one. While it is true a declaratory judgment is usually obtained before there has been an interference with the rights of a party, this is not necessarily a bar to such an action. As stated in 1 C. J. S., Actions, section 18, such an action may be invoked where the state of facts indicates "threatened litigation, in the immediate future, which seems unavoidable, concerning the respective legal rights of the parties." 16 Am. Jur., Declaratory Judgments, section 10 states:

"Generally speaking, a controversy which will justify a court in entertaining a suit under a declaratory judgment must be something more than a mere difference of opinion * * *. It must be justiciable, and this implies a state of facts involving persons adversely interested in matters in respect of which a declaration is sought. * * * It must be a substantial present interest in the relief sought and such that the judgment or decree will operate as res judicata as to them and be of practical help in terminating the controversy."

While the record discloses that upon several occasions appellee's drivers have been charged with a violation of the motor vehicle statutes by appellants on account of illegal registration, it also shows that the question presented involves a continuing situation in which future conduct and relations of the parties are involved. What has gone before is immaterial except as it tends to illuminate the future. Where, as we have stated, the interpretation, administration and enforcement of the motor vehicle statutes are, by statute, placed in certain departments of government, the determination of which department of government one must look to and rely upon in framing one's future conduct is a live, vital question and is clearly within the province of a declaratory judgment. As stated in Ostrander v. Linn, 237 Iowa 694, 707, 22 N. W. 2d 223, 230, quoting from 52 Yale Law Journal 445, 446:

"'One of the principal purposes of the declaratory action is the removal of clouds from legal relations. By dissipating peril and insecurity and thus stabilizing legal relations, it avoids the destruction of the status quo, and assures a construction or interpretation of the law before rather than after breach or violence.'"

The fact that appellee asks, in addition to the declaratory judgment, relief by injunction is not, as claimed by appellants, a bar to the action. Rule 261, Rules of Civil Procedure, provides: "Courts of record within their respective jurisdictions shall declare rights, status, and other legal relations whether or not further relief is or could be claimed." Appellants' contention is without merit.

■ IV. It is further contended by appellants that appellee is not entitled to equitable relief because it is a law violator, and that equity will not interfere with the enforcement of the criminal statutes. As to the latter proposition, appellee is not asking for interference with the enforcement of the criminal laws by those authorized to enforce the same. It merely asks that injunction issue if the defendants are not authorized to act, and to leave the enforcement in the hands of those charged therewith, under the statutes. That an injunction will issue under such circumstances, see Thede v. Thornburg, 207 Iowa 639, 223 N. W. 386; Hoover v. Iowa State Highway Comm., 207 Iowa 56, 222 N. W. 438; 28 Am. Jur., Injunctions, section 168. The case of Wood Bros. Thresher Co. v. Eicher, 231 Iowa 550, 1 N. W. 2d 655, relied upon by appellants is not in point. There a criminal charge was pending and the parties acting were acting within their statutory authority.

As to the former contention—that equity will not act, as appellee is a law violator—this rule does not apply. Under this record past events are past events and are not material here. If appellants are acting beyond their authority and will do so in the future, the fact that appellee may have in the past been charged with a law violation or is even now violating the law will not prevent the kind of relief here asked.

As stated in 1 Pomeroy's Equity Jurisprudence, Fourth Ed., 714, section 385:

"* * * the court will give the plaintiff the relief to which he is entitled, only upon condition that he has given, or consents to give, the defendant such corresponding rights as he also may be entitled to in respect of [to] the subject-matter of the suit."

Appellee in effect says, if appellants are authorized to arrest for violations of the motor vehicle statutes, all right; if not, then stop them by injunction.

V. Appellants further contend that appellee, a foreign corporation, must comply with the registration requirements to the same extent as residents. Appellee does not deny this. It admits that each is governed by statute and alleges it has com-

plied therewith. While appellants attempt to show as a fact that appellee has not complied with the statutes, the trial court ruled this out as immaterial to the issue raised by appellee. In this we find no error.

Finding no error, the decree of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.