William F. FRANKLIN, Appellee,

v.

IOWA DEPARTMENT OF JOB
SERVICE, Appellant.

No. 62407.

Supreme Court of Iowa.

April 25, 1979.

Walter F. Maley and Blair H. Dewey, Des Moines, for appellant.

Linda S. Pettit, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

The question here is whether an unemployment compensation claimant, William F. Franklin, must repay to respondent,

Iowa Department of Job Service, benefits erroneously overpaid. In a judicial review proceeding, district court ruled that the overpayment need not be repaid and that amounts collected toward satisfaction of the overpayment be returned. We reverse and remand.

I. *Background facts and proceedings.* Claimant Franklin was employed as a route salesman for Iowa Towel and Linen, Des Moines. Franklin left his job in 1972. Soon thereafter he filed a claim for unemployment security benefits with the department. A claims representative made an initial determination under section 96.6(2), The Code 1971, that Franklin was disqualified from receiving benefits on the ground that he had voluntarily quit his employment.

Franklin filed notice of appeal with the department. After notice to Franklin and the employer, hearing was held on June 12, 1972 before a department hearing officer. On June 14, 1972 a written decision of the hearing officer was entered affirming the decision of the claims representative. The department records show that copies were mailed on June 14 to Franklin and to the employer.

The decision restated, in substance, the appeal provision contained in section 96.6(3), The Code 1971:

This decision shall become final, unless within ten (10) days following its date you appeal to the Commission by filing a Notice of Appeal at any Area Claims office of the Iowa Employment Security Commission, or by directing a letter to the Iowa Employment Security Commission in Des Moines, Iowa, stating your desire to appeal. (Forms for initiating further appeal will be provided at any local office of the Iowa Employment Security Commission.)

No appeal was taken by Franklin from this department decision which, therefore, became final. § 96.6(3), The Code 1971.

Franklin testified, without contest from the department, that he was instructed to continue sending unemployment claim cards to the department during pendency of the appeal. Franklin, apparently, did not attend the department hearing, but continued to send in claim cards. Next, due to department error, weekly benefits totaling $1,653.60 were paid to Franklin, who received the checks and cashed them.

Later, Job Service discovered the error and on March 30, 1973 mailed Franklin a Notice of Overpayment. The notice embodied a department decision that Franklin had been overpaid $1,653.60 for 27 weeks ending February 17, 1973. Due to the voluntary-quit disqualification, Franklin had been ineligible. The notice further stated that, under section 96.16, the department could deduct the overpayment from future unemployment benefits, or Franklin could repay the sum to the department. The choice of alternatives was at the discretion of the commission.

Relative to appeal from that decision, the overpayment notice stated:

The Iowa Employment Security Law provides that you, as a claimant, have the right to appeal from this decision within five (5) calendar days after the delivery of such notification, or within seven (7) calendar days after such notification was mailed to your last known address. You may file your appeal at any local State Employment Service Office or you may appeal, by letter, directly to the Iowa Employment Security Commission in Des Moines. If you appeal, you must state the grounds upon which your appeal is based.

*See* § 96.6(2), The Code 1973.

Franklin acknowledges receipt of a copy of the Notice of Overpayment shortly after March 30, but he took no action on it until 1976. He testified he was employed in 1973 and did not expect to file for benefits in the future.

In February 1976 Franklin again filed for unemployment compensation. Although he now qualified for receipt of benefits, he did not receive any payment. Upon inquiry, Franklin discovered the department was deducting the full amount of the weekly benefits due to offset the overpayment amount assessed in 1973.

The collection of the overpayment was made under authority of section 96.16(4), The Code 1975, which provides:

Misrepresentation. *Any person who, by reason of any error, or by reason of the nondisclosure or misrepresentation by him or her or by another, of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) has received any sum as benefits under this chapter while any conditions for the receipt of benefits [under] this chapter were not fulfilled in his or her case, or while he or she was disqualified from receiving benefits, shall, in the discretion of the department, either be liable to have such sum deducted from any future benefits payable to him or her under this chapter or shall be liable to repay to the department for the unemployment compensation fund, a sum equal to the amount so received by him or her,* and such sum shall be collectible in the manner provided in section 96.14, subsection 3, for the collection of past due contributions.

(Emphasis added.)

It is the policy of Job Service to deduct from benefits due in order to recoup overpayments where the claimant erroneously, but not fraudulently, obtained benefits.

Franklin ultimately filed notice of appeal from the notice of overpayment on April 26, 1976.

Hearing was held May 13, 1976 before a department hearing officer. At the hearing Franklin contested the overpayment and, alternatively, requested the amount due be deducted pro rata over a longer period of time. The request for pro rata allocation was to permit Franklin to receive some income from unemployment compensation while paying back the overpayment amount.

In a decision dated June 11, 1976 the hearing officer upheld the validity of the overpayment assessment.

Franklin filed notice of appeal to the Appeal Board, which upheld the validity of the overpayment and denied the request for pro rating of the overpayment amount.

From the Appeal Board's decision, Franklin filed petition for judicial review in district court pursuant to section 17A.19, The Code 1975.

The district court remanded the case to the department for taking of additional evidence. After hearing, the hearing officer concluded that, pursuant to section 96.6(2), the notice of overpayment issued March 30, 1973 became final for failure to timely appeal. The hearing officer further concluded that the appeals referee lacked "jurisdiction or authority to grant a pro rata repayment of the overpayment." The notice of overpayment, therefore, was affirmed.

Franklin filed notice of appeal to the Appeal Board, which affirmed the hearing officer.

A second petition for judicial review to district court was filed on June 28, 1977. Franklin again contended he was entitled to the overpayment or, alternatively, that the overpayment should be pro rated, allowing him a partial weekly benefit.

On August 4, 1978 the court reversed the department decision and ordered the department to return to Franklin the amounts of any benefits withheld in 1976 as collections on the alleged overpayment.

It appears from the record and oral arguments of the parties that part, but not all, of the $1653.60 had been withheld before Franklin filed with the department his April 26, 1976 notice of appeal from the overpayment decision.

The department filed this appeal from the district court ruling. § 17A.20, The Code 1977.

The scope of our review is for correction of errors at law. Iowa R.App. P. 4.

Although the parties present several issues for our determination, we base our disposition on a jurisdictional issue which we perceive to be controlling.

II. *Agency jurisdiction.* It is undisputed that Franklin failed to timely appeal both the 1972 decision of disqualification and the 1973 notice of overpayment. Whether Franklin's failure to timely appeal

these decisions precluded administrative review in the hearings of 1976 and 1977 turns on a determination of the nature of the statutory appeal deadlines. We must determine if the appeal deadlines are mandatory or directory in order to evaluate the validity of the subsequent agency action. This dichotomy is drawn from 1 *Statutes and Statutory Construction*, § 4.18, at 11 (4th ed. Sands 1972), which provides:

> If the directions of a statute are mandatory, then strict compliance with the statutory terms is essential to the validity of an administrative action. But if the language of the statute is directory only, then deviation from its directions does not invalidate the administrative action.

We have repeatedly relied on the mandatory-directory dichotomy in statutory construction. *See State v. Lint*, 270 N.W.2d 598, 600 (Iowa 1978); *State v. Lohr*, 266 N.W.2d 1, 5 (Iowa 1978); *Taylor v. Iowa Department of Transportation*, 260 N.W.2d 521, 522–23 (Iowa 1977).

In *Taylor*, we explained the mandatory-directory dichotomy and said:

> Mandatory and directory statutes each impose duties. The difference between them lies in the consequence for failure to perform the duty. Whether the statute is mandatory or directory depends upon legislative intent. When statutes do not resolve the issue expressly, statutory construction is necessary. If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.

*Id.* at 522–23.

The mandatory-directory analysis was applied to determine the validity of administrative action in *Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 5–8 (Iowa 1973). Despite statutory provision that complaint shall be "filed within ninety days after" an alleged discriminatory action, the Iowa Civil Rights Commission heard and granted relief upon a complaint filed 152 days after an alleged discriminatory action. *See* § 105A.9(15), The Code 1966. Although agency jurisdiction was challenged by motion, the Commission made no ruling but concluded it had jurisdiction of the parties. On petition for judicial review in district court, the motion challenging jurisdiction was renewed. The district court sustained the motion and nullified the Commission's order. We affirmed on appeal, saying:

> We are confronted here . . . with a clear and unambiguous statute specifically limiting the number of days within which the complaint shall be filed.

*Id.* at 7. From this observation we ultimately concluded:

> The time in which an administrative proceeding may be brought is often regulated by the statute providing for such proceeding, and a failure to comply with such statute may bar the administrative proceeding and any judicial proceeding which depends thereon. An administrative agency may not enlarge its powers by waiving a time requirement which is jurisdictional or a prerequisite to the action taken.

(Citations omitted.) *Id.* at 9–10, *citing to* 2 Am.Jur.2d *Administrative Law* §§ 321–23, at 146–47.

Although in the present action we again face a determination of the validity of administrative action, we confront a timeliness problem of a different nature. We must determine whether untimely appeal, rather than untimely commencement of a complaint, invalidates subsequent administrative action. In resolution of this issue we turn to the relevant portions of the statutes regulating unemployment compensation appeals within the department:

> Unless the claimant or other interested party, within five calendar days after the delivery of such notification, or within seven calendar days after such notification was mailed to his last known address,

files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith.[1]

§ 96.6(2), The Code 1971.

The parties shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the commission, unless within ten days after the date of notification or mailing of such decision, further appeal is initiated pursuant to subsection 5 of this section.

§ 96.6(3), The Code 1973. While the statutory appeal deadlines serve to insure "order and promptness," as is characteristic of a directory statute, sections 96.6(2) and (3) also operate to finalize decisions. *See Taylor*, 260 N.W.2d at 523.

■ Once an agency decision has become final, there is no statutory authorization for subsequent agency review. Administrative agencies do "not possess common law or inherent powers, but only the powers which are conferred by statute." *Branderhorst v. Iowa State Highway Commission*, 202 N.W.2d 38, 41 (Iowa 1972); *Merchants Motor Freight v. State Highway Commission*, 239 Iowa 888, 890, 32 N.W.2d 773, 775 (1948). We construe sections 96.6(2) and (3), therefore, to impose a mandatory duty to timely file notice of appeal in compliance with statutory terms. Failure to timely appeal deprived the agency of authority to validly proceed in the hearings of 1976 and 1977. *Beardslee v. Iowa Department of Job Services*, 276 N.W.2d 373 (Iowa 1979). *Accord, Walter v. State Division of Human Rights*, 36 A.D.2d 769, 321 N.Y.S.2d 298, 299 (1971). *See Department of Revenue and Taxation, Motor Vehicle Division v. Shipley*, 579 P.2d 415, 419 (Wyo.1978).

This result is consistent with our holding in *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471 (Iowa 1973), where we applied due process analysis to provide an administrative hearing to a claimant who, *otherwise*, would have been statutorily bound by failure to timely appeal a denial of benefits. *Id.* at 474. *Cf. Galvin v. Iowa Beef Processors, Inc.*, 261 N.W.2d 701, 704 (Iowa 1978) (*Smith*-styled, delayed appeal of otherwise final payment of unemployment compensation benefits). We are not presented here with a constitutional challenge to the sufficiency of notice and have no basis to entertain a delayed appeal.

The district court, similarly, had no basis to entertain an appeal in absence of a constitutional challenge to the sufficiency of notice. Because the district court reversed the agency ruling on the *merits* of the overpayment, which neither body possessed jurisdiction to entertain, the district court ruling must be reversed.

■ III. *Method of collection.* Because we determine that Franklin became bound by the overpayment assessment for failure to timely appeal after mailed notice, he is liable to repay the balance outstanding to Job Service. We note Franklin has consistently requested relief from both the agency and the court from the collection system whereby unemployment benefits are wholly applied to offset the overpayment. Since the application of benefits to partially offset the overpayment in 1976, however, the legislature has acted to alter the collection system.

Prior to 1978 the mode of collection of overpayments was vested in the discretion of the department, which determined whether the liable party would:

either be liable to have such sum deducted from any future benefits payable to him or her . . . or shall be liable to repay to the department for the unemployment compensation fund, a sum equal to the amount so received by him or her.

§ 96.16(4), The Code 1977. In 1978, however, the chapter was amended so that "[t]he person who is liable to repay the

---

1. The seven day limitation applicable after mailing of notice to the claimant's last known address was extended to ten days by subsequent legislation. *See* § 96.6(2), The Code 1975.

benefits may select the method for repayment." § 96.3(7), The Code 1979.[2]

We believe the repayment provision of section 96.3(7) is applicable to amounts Franklin still owes Job Service. On remand Franklin should have the option to select which statutory method of repayment will be applicable to the balance outstanding on the overpayment.

In view of our disposition of the case, it is necessary to discuss other issues raised by the parties.

The district court ruling is reversed and the case is remanded to the department for proceedings consistent with this opinion.

REVERSED AND REMANDED.

**2.** The statutory revision also includes provision that benefits erroneously paid may be recovered *unless* the recovery would be contrary to equity or good conscience. This equitable bar to recovery, however, addresses the *merits* of the overpayment. Since Franklin is bound by his failure to appeal the overpayment, any equitable defense to recovery is unavailable. For a discussion of repayment of unemployment benefits erroneously paid, see generally, 90 A.L.R.3d 987.