Charles HENSLEY, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, and Jerry Shields Construction, Appellees.

No. 69070.

Supreme Court of Iowa.

July 20, 1983.

Diane L. Dornburg, Des Moines, for appellant.

Joseph L. Bervid, Walter F. Maley & Blair H. Dewey, Des Moines, for appellee Iowa Dept. of Job Service.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Petitioner Charles Hensley appeals from a district court decision on judicial review affirming the action of Iowa Department of Job Service (agency) in disqualifying petitioner from receipt of unemployment benefits and ordering recoupment of those bene-

fits already paid petitioner. As grounds for reversal on appeal, petitioner asserts: (1) that the agency's consideration of the employer's protest was arbitrary, capricious, in excess of statutory authority, and in violation of his rights to due process and equal protection of the law; (2) that the notice of the agency decision disqualifying petitioner from receipt of further benefits failed to adequately advise him of his possible liability to repay benefits already received; and (3) that petitioner's appeal from the agency decision disqualifying him from receipt of further unemployment benefits should be deemed timely even though not filed within ten days from the date of the decision imposing such disqualification.

The petitioner was laid off from his job as a carpenter with Jerry Shields Construction on March 15, 1980. He immediately filed a claim for unemployment benefits with the agency. Jerry Shields Construction was notified of said claim and made no response. Petitioner's claim for benefits was approved by the agency, and weekly unemployment benefits commenced on March 16, 1980.

On September 25, 1980, petitioner's regular benefits were exhausted, and he was still unemployed. Accordingly, he filed a claim for extended benefits pursuant to 370 Iowa Administrative Code section 4.46(2). Again, Jerry Shields Construction was notified and did not respond. The claim for extended benefits was granted.

On December 1, 1980, Jerry Shields Construction advised the agency that petitioner had refused an offer of suitable work which that employer had tendered to him on June 20, 1980. Upon receipt of this information, the agency began a contested case proceeding. A statement was taken from petitioner and medical information was obtained. In a decision dated December 23, 1980, the petitioner was disqualified for benefits for having refused the June 20, 1980 offer of employment from Jerry Shields Construction. The agency file shows that a copy of this decision was mailed to petitioner. It advised petitioner that as a result of refusing recall to suitable work with Jerry Shields Construction "you are disqualified from benefits from the date of this refusal

... until such time as you have worked in and been paid wages for insured work equal to ten (10) times your weekly benefit amount." The notice further advised petitioner "if this decision is not appealed in the case of benefit disqualifications ... it may result in an overpayment of benefits which you may be required to repay.... THIS DECISION SHALL BECOME FINAL unless within ten calendar days after the decision was mailed to the last known address you or any interested party appeal to this Department."

On December 30, 1980, a notice was mailed to petitioner advising "this is to notify you that you are overpaid $3275.00 for the 26-week period ending 12–13–80 because you were disqualified for refusing work by the decision dated 12–23–80." Petitioner took no action to appeal the decision as to his disqualification within ten days of the mailing of the December 23, 1980 notice of disqualification. He did attempt to appeal the disqualification within ten days of the mailing of the December 30, 1980 notice as to the amount of benefits which he was required to repay. In a hearing on this latter appeal, the agency refused to consider the merits of the disqualification decision on the ground that petitioner's attempt to appeal from that decision was untimely. This decision of the agency was affirmed by the district court on petitioner's petition for judicial review of the final agency action. Other facts and circumstances which relate to the decision of the issues presented on this appeal will be set forth in our discussion of the legal issues which the petitioner has raised.

I. *Effect of the Delay in Imposing the Disqualification.*

The first issue argued involves the consequence, if any, of the timing of petitioner's disqualification. Petitioner contends that consideration by the agency of the protest of Jerry Shields Construction based on petitioner's job refusal was improper when that protest was not made known to the agency until more than five months after the job refusal was claimed to have occurred. Petitioner asserts that such action by the agency is a denial of equal protection and due

process; in excess of the agency's statutory authority; and arbitrary and capricious agency action. We consider these claims separately.

█ A. *Due process and equal protection claims.* The petitioner asserts a violation of both the due process and equal protection clauses of the fourteenth amendment occurred as a result of the challenged agency action. The principles which we recognized in *Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 835–37 (Iowa 1979) will perhaps excuse the failure to raise these constitutional claims before the agency. There appears to be no basis, however, to excuse petitioner's failure to raise these constitutional issues in the district court. Our scope of review is to correct errors of law made by that court. *Caterpillar Davenport Employees Credit Union v. Huston,* 292 N.W.2d 393, 395 (Iowa 1980). The district court cannot have erred with respect to an issue which was not before it. The petition for judicial review, as amended, did not present the constitutional claim now urged, and we may not consider it for the first time on appeal.

█ B. *Exceeding statutory authority.* Petitioner also claims that the alleged untimely consideration of the June 20, 1980, job refusal as a basis for disqualifying him from unemployment benefits was outside the agency's statutory authority. In his brief, he ties this argument to Iowa Code section 96.6(2) which provides:

A representative designated by the director shall promptly notify all interested parties to the claim of the filing thereof, and said parties shall have ten days from the date of mailing the notice of the filing of said claim by ordinary mail to the last known address to protest payment of benefits to claimant.

In response to this argument, the agency contends that this statute does not apply to circumstances arising after an original allowance of benefits which serve to disqualify a claimant from future eligibility for benefits. As to acts of the latter type, the agency contends that the statutes provide no time limitation within which it must act in order to impose disqualification. We agree with the agency's contention that the time limitation specified in section 96.6(2) does not apply to acts of disqualification which occur after the original notice of claim and allowance thereof. Because the petitioner has failed to identify any other statute which proscribes the challenged agency action on the basis of untimeliness, we decline to grant relief on his claim that the agency acted in contravention of its statutory authority.

█ C. *Arbitrary and capricious action.* Finally, we consider the petitioner's argument that the untimely manner in which disqualification was imposed in the present case constituted arbitrary and capricious action by the agency. Arbitrary and capricious agency action may be the subject of judicial relief pursuant to Iowa Code section 17A.19(4)(g). In the present case, petitioner's challenge to the agency's handling of his disqualification from benefits is based entirely on the delay between the time the alleged refusal of suitable work occurred and the time the disqualification was imposed.

Pursuant to 370 Iowa Administrative Code section 4.11(6)(a), the petitioner was required to periodically provide eligibility review forms to the agency which would identify refusal of employment if any occurred. The petitioner did not bring the June 20, 1980 incident to the attention of the agency by means of these eligibility review forms. In determining whether the action of the agency was arbitrary and capricious, we must consider when the material information bearing upon petitioner's continued eligibility for benefits came to the agency's attention. Nothing in the record indicates that this occurred prior to December 1, 1980. The agency acted promptly to process the contested case proceeding thereafter. Because petitioner has identified no time fixed by statute or agency rule within which disqualification must be imposed under such circumstances, we find no basis upon which to conclude that the agency acted arbitrarily or capriciously in acting upon those facts before it which indicated that disqualification was mandated by the appropriate statutes.

## II. Alleged Constitutional Infirmities in Notice of Decision.

■ In his petition for judicial review in the district court, the petitioner raised the following constitutional claims:

The decision of Job Service violates Petitioner's due process rights in that, even if he had received the December 23, 1980 decision, the initial decision does not advise Petitioner of the agency's right to recoup previously paid benefits when those benefits are paid through no fault of the Petitioner.

The decision of Job Service violates Petitioner's due process rights in that the initial decision, had it been received, does not advise Petitioner of the consequences of failing to appeal a decision concerning previously received benefits.

As we have previously noted, the notice of decision mailed on December 23, 1980, advised petitioner "If this decision is not appealed in the case of benefit disqualifications ... it may result in an overpayment of benefits which you may be required to repay.... THIS DECISION SHALL BECOME FINAL unless within ten calendar days after the decision was mailed to the last known address you or any interested party appeal." The trial court determined that the notice given was not constitutionally infirm in the manner suggested by the petitioner. Based on the language which we have quoted, we agree.

■ Petitioner also contended in the district court that he did not receive the notice mailed on December 23, 1980. That issue was presented to the agency on conflicting facts, and the agency found that the notice had been received. The trial court found that the agency finding was supported by substantial evidence. It is not clear whether petitioner's appeal raises this factual issue, but if it does, we find that the record, considered as a whole, does contain substantial evidence that petitioner received the December 23, 1980 notice. The findings and conclusions of the trial court concerning the sufficiency of the notice are affirmed.

## III. Right to Appeal from Order of Recoupment.

■ Finally, we consider petitioner's claim that regardless of the timeliness of his notice of appeal with respect to the benefit disqualification which was imposed, he should have been permitted to show the *amount* of the recoupment which was ordered was incorrect. This argument is based upon the fact that petitioner did appeal within the required time from the order of recoupment.

The abstract principle upon which petitioner's argument is based is fundamentally sound. The finality of the December 23, 1980 order on disqualification under the agency rules would make it preclusive as to the basis for disqualification based on principles of finality in administrative adjudication that are akin to the doctrine of res judicata with respect to judicial decisions. *See* 2 Am.Jur.2d *Administrative Law* § 497, at 308 (1962); *United States v. Willard Tablet Co.,* 141 F.2d 141, 143 (7th Cir.1944). The December 23, 1980 order would not be preclusive, however, as to the amount of overpayment, as the amount was not determined in that order. Petitioner's notice of appeal should have permitted him to challenge the amount of recoupment provided in the December 30, 1980 order because the notice was timely as to that order.

Having accepted petitioner's legal theory as sound, we are nevertheless unable to grant him any relief. This is so because he never attempted to challenge the amount of the recoupment which was ordered either before the agency or in the district court. This circumstance precludes any determination by this court on appeal that the agency erred in refusing to consider such a claim. We have considered all issues presented and find no basis for reversing the order of the district court.

AFFIRMED.