Roy A. WALKER, Appellee,

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellant.**

No. 83–1314.

Supreme Court of Iowa.

July 18, 1984.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Des Moines, for appellant.

Bruce L. Walker of Phelan, Tucker, Boyle & Mullen, and Thomas Diehl, Iowa City, for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

McGIVERIN, Justice.

Respondent Iowa Department of Job Service appeals from the district court decision on judicial review releasing petitioner Roy A. Walker from liability for overpayment of unemployment benefits. We reverse.

Walker had experienced heart problems and undergone open heart surgery in 1980.

He was laid off from his employment with a Des Moines car dealership effective October 23, 1981, due to a staff reduction.

On October 26 he applied for unemployment benefits. In his application he stated his past heart condition and surgery, and that he currently was experiencing heart problems.

Job Service requested a medical report from Walker's doctor. In a report dated October 28, the doctor indicated Walker was apparently able to seek or accept employment in at least some normal or related occupation to his prior job such as a parts manager or handling paperwork checking in new cars. However, the doctor had erroneously filled in this information under a section of the form relating to pregnancy. Based on the doctor's report, a claims deputy of Job Service initially issued a decision on November 10 that Walker was able and available for work. The decision said Walker was eligible for benefits effective October 25, 1981.

However, on November 12 the doctor submitted to Job Service a letter to clear up any misunderstanding caused by the first medical report stating, inter alia, that Walker "is unable to work," in substance due to his heart condition.

Based on that letter, a claims deputy made a determination that Walker was not available for full time employment as required by Iowa Code section 96.4(3) (1981).

The notice to claimant of this decision was dated November 20 and the decision disqualified Walker from benefits retroactively effective October 25, 1981. The notice stated that, based on the doctor's report, Walker was "presently" unable to work.

The November 20 notice also stated as relevant:

If this decision is not appealed in the case of benefit disqualifications ...; it may result in an overpayment of benefits which you may be required to repay.

. . . .

THIS DECISION SHALL BECOME FINAL unless within ten calendar days after the decision was mailed to the last known address, you or any interested party appeal to this Department [in writing].

Petitioner did not appeal from the disqualification decision even though he acknowledged receiving the notice of the decision shortly after November 20.

On November 30, petitioner was sent a notice by Job Service that he had been overpaid $453, for the three week period ending November 14, recoupment of which was sought. The notice specified misrepresentation of a material fact under Iowa Code section 96.16(4) as the ground upon which recompense was sought.

Walker filed a timely appeal from the November 30 claims deputy decision as to overpayment. After hearings and other departmental proceedings, the agency affirmed the overpayment decision.

Walker then filed a petition for judicial review in district court. Iowa Code §§ 17A.19 and 96.6(8). The court released petitioner from liability for the overpayment on the ground the agency exceeded its legal authority by substituting the claims deputy's decision of November 20 for the initial decision of November 10 without adequate evidentiary basis.

Job Service appealed, contending, inter alia, that only the amount of overpayment was properly before the court for review because a timely appeal was not taken from the November 20 agency decision

upon which liability for overpayment was predicated. We agree with Job Service.

I. *Authority to disqualify claimant from benefits.* We first consider whether Job Service had the authority to disqualify Walker from unemployment benefits in its November 20, 1981, decision which effectively reversed its November 10 decision that had allowed benefits.

An unemployed individual is eligible for unemployment benefits only if "[h]e or she *is able to work,* is available for work, and is earnestly and actively seeking work." Iowa Code section 96.4(3) (emphasis added).

The only eligibility requirement that was involved here was whether Walker was physically able to work due to his precarious health condition. Job Service, in its November 10 decision, originally allowed Walker's claim for benefits on the basis of his personal physician's medical report which stated that as of October 28 Walker was capable of accepting full time employment in a normal or related occupation notably as a parts manager or handling the paperwork necessary for checking in new cars. The medical report, however, which was a standardized Job Service form, had been improperly filled out by the doctor under the section concerning disability due to pregnancy. In response to the obvious error in the medical report, the physician sent a personal letter to Job Service which stated that Walker was "unable to work" because of his heart condition. Relying on this report, Job Service, in its November 20 decision, disqualified Walker from benefits effective October 25.

■ There is really no doubt that Job Service has the authority to reverse one of its decisions during the ten day appeal period when newly discovered facts require such reversal. Walker concedes that "the Department can make a redetermination based on 'newly submitted evidence.'" This finding is supported by the following rules which have been promulgated by the agency:

370—4.7 *Determination of benefit rights.*

4.7(1) *Section 96.6 of the Code pertains to the examination and determination of claims.* In conformity with this section, the department of job service prescribes:

*a.* Determination of benefit rights of job insurance claims shall be made in conformity with sections 96.6 and 96.4 and the provisions of these rules.

. . . .

*d.* The claimant shall be given a copy of the initial determination and the reasons therefor and shall be given copies of any *additional determinations which adversely affect the claimant's rights to benefits.* The mailing of each determination shall specify the appeal rights of the parties and the period within which any appeal must be filed under chapter 96.

(1) The statement shall constitute a final decision *unless there are newly discovered facts which affect the validity of the original determination....*

370 Iowa Admin.Code § 4.7(1) (emphasis in text added).

370—4.19 *Determination and review of benefit rights.*

4.19(1) Claims for benefits shall be promptly determined by the department on the basis of such facts as it may obtain. Notice of such determination shall be promptly given to each claimant.... Unless the claimant or any such other party entitled to notice, within ten days after such notification was mailed to such claimant's last known address, files with the department a written request for a review of or an appeal from such determination, such determination shall be final.

4.19(2) Upon receiving a written request for review or, *on its own initiative and on the basis of such facts as it may have in its possession or may acquire, the claims department may affirm, modify, or reverse the prior decision,* or refer the claim to a hearing officer.... Unless the claimant or any such other party files an appeal within ten days after the date of mailing, *such*

*latter decision shall be final and benefits shall be paid or denied in accordance therewith.*

370 Iowa Admin.Code § 4.19(1)–(2) (emphasis in text added).

■ In accordance with these rules, the agency's November 20 decision disqualifying Walker from receipt of unemployment benefits, based on newly discovered evidence of his inability to work, was authorized. The second medical report submitted by Walker's personal physician, upon which the agency relied in finding that Walker was unable to work, amounted to an "adequate evidentiary basis" for its decision. The district court erred in holding otherwise.

II. *Finality of the disqualification and other contentions.* Walker argues, in attempting to uphold the district court decision, that he was denied due process because Job Service failed to give him adequate notice of its retroactive disqualification of benefits.

■ We find no merit in this claim, however, because Job Service, in its November 20 decision, notified Walker in writing that he was denied benefits effective October 25. The notice also expressly stated that "[i]f this decision is not appealed in the case of benefit disqualifications ... it may result in an overpayment of benefits which you may be required to repay." Job Service specifically notified Walker of the importance of an appeal and the potential ramifications of his not appealing its decision. Walker was not denied due process. *See Hensley v. Iowa Department of Job Service,* 336 N.W.2d 448, 452 (Iowa 1983).

■ Walker's failure to appeal the November 20 decision within ten days made it a final decision of the agency. Iowa Code section 96.6(2). We have held that, because of the doctrine of claim preclusion, a final decision of an agency is not subject to collateral attack in a subsequent matter. *Toomer v. Iowa Department of Job Service,* 340 N.W.2d 594, 598 (Iowa 1983). *See Franklin v. Iowa Department of Job Service,* 277 N.W.2d 877, 881 (Iowa 1979). The fact that Walker timely appealed Job Ser-

vice's subsequent notice of overpayment permits him to contest the computation of the amount of overpayment but does not entitle him to affect the underlying basis for such claim—that he was disqualified from receiving benefits as of October 25. *See Hensley,* 336 N.W.2d at 452.

Other contentions made by the parties are either without merit or unnecessary to our view of the case.

Based on the above conclusions and the fact that Walker did not contest the amount of overpayment in district court on judicial review, we uphold the decision of the agency and reverse the district court's decision which released Walker from liability for the overpayment of unemployment benefits.

REVERSED.