**Kenneth Paul FOLEY, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.**

No. 83–1620.

Supreme Court of Iowa.

Feb. 13, 1985.

Ronald H. Schechtman, Carroll, for appellant.

Thomas J. Miller, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and Lester A. Paff, Sp. Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

McGIVERIN, Justice.

Petitioner Kenneth Paul Foley appeals from the district court's judgment on judicial review affirming an order and amended order of respondent Iowa department of transportation (DOT) revoking his driver's license for one year and denying his eligibility for a temporary restricted license (work permit) that would allow him to drive to and from (and in the course of) his job. We affirm in part and reverse in part.

On appeal, Foley contends (1) that, pursuant to Iowa Code section 321B.13 (1983), his license should have been revoked for only 180 days rather than one year, and (2) that DOT was without authority to deny him a work permit when its initial order in his case had declared him eligible for one and the time for further agency review of that order had passed with no review requested. We find against Foley on the first issue and for him on the second.

The relevant facts are not disputed. In 1979, Foley was arrested for operating a motor vehicle while under the influence of an alcoholic beverage (OMVUI) and refused to submit to chemical testing to determine his blood alcohol level, as provided in Iowa Code chapter 321B. As a result of petitioner's refusal to undergo testing, his driver's license was suspended for 45 days, although the statute in force at that time provided for revocation for a period of not less than 120 days nor more than one year as a consequence of refusal to undergo chemical testing. *See* Iowa Code § 321B.7 (1979). The 45-day revocation was the result of a bargain Foley made with a department of transportation hearing officer in which Foley waived his right to a formal hearing under section 321B.8 (1979) in exchange for a shorter revocation period than that provided in section 321B.7.

In 1982, petitioner was again arrested for OMVUI and again refused to undergo chemical testing. After receiving a sworn statement to that effect pursuant to 1982 Iowa Acts ch. 1167, § 20, now appearing as Iowa Code section 321B.13 (1983), the department of transportation revoked Foley's driver's license for one year. On March 23, 1983, after a hearing demanded by Foley, a department hearing officer entered an order sustaining the revocation and stating that petitioner could apply to the department for a work permit to allow him to do job-related driving.

The March 23 order provided that an appeal of the order could be taken to the director of motor vehicles within twenty days. *See* 820 Iowa Admin.Code [01, B] 3.9(1). During that time neither Foley nor the department appealed the order.

On April 4 Foley applied for a work permit, which was issued by the DOT on April 21.

On April 15 the hearing officer who had entered the March 23 order was notified that a person whose driver's license is revoked for refusal to undergo chemical testing is not eligible for a work permit. *See* 820 Iowa Admin.Code [07, C] 11.4(3)(c)(1). On April 29, the hearing officer entered an amended order reaffirming the revocation and stating that petitioner was not eligible for a work permit and revoking the one that had been issued to him.

Petitioner appealed the amended order to the director of motor vehicles, contending that the department was without authority to amend the March 23 order once the time for appeal of that order had passed. The director upheld the amended order.

Foley then sought judicial review, Iowa Code sections 321B.27 and 17A.19, of (1) the department's revocation of his driver's license for one year (as opposed to 180

days), and (2) the department's revocation of his work permit. The district court affirmed both of the department's acts. This appeal followed. Iowa Code § 17A.20.

We do not specifically address either of petitioner's assignments of error, because we believe that this case can and should be disposed of on the basis of jurisdictional issues which we may raise at any time. *See Pierce v. Pierce*, 287 N.W.2d 879, 881–82 (Iowa 1980).

We agree with petitioner that the department had no authority to issue the amended order of April 29. Under 820 Iowa Admin.Code [01, B] 3.9(1), the March 23 order became final when twenty days elapsed without petitioner or the department seeking further review of the order. In *Franklin v. Iowa Department of Job Service*, 277 N.W.2d 877 (Iowa 1979), we held that a similar deadline for seeking further agency review was mandatory, not merely directory. After that deadline had passed with no request for review, the agency was without jurisdiction to review its decision.

> Once an agency decision has become final, there is no statutory authorization for subsequent agency review. Administrative agencies do "not possess common law or inherent powers, but only the powers which are conferred by statute." [Citations.] We construe [Iowa Code] sections 96.6(2) and (3) [(1971)], therefore, to impose a mandatory duty to timely file notice of appeal in compliance with statutory terms. Failure to timely appeal deprived the agency of authority to validly proceed.

*Id.* at 881.

We find the language of *Franklin* to be equally applicable to this case. The department had no power to review its March 23 order after the twenty-day period

for seeking further agency review had passed with neither petitioner nor the department seeking review. The order of April 29 revoking petitioner's work permit was, therefore, void. The district court erred in affirming the revocation of the work permit.[1]

Finding the April 29 order to be a nullity, we turn to the initial March 23 order which, regardless of its substantive content, was at least not void *ab initio* for lack of agency jurisdiction. As noted above, that order became final twenty days after its issuance. At that time, judicial review of the final order could have been sought within thirty days. Iowa Code § 17A.19(3). However, the record shows that judicial review of the March 23 order was not timely sought by either petitioner or the department. Therefore, the order must stand. Timely appeal is a jurisdictional prerequisite for judicial review. *See Ford Motor Co. v. Iowa Department of Transportation*, 282 N.W.2d 701, 703 (Iowa 1979).

To summarize, the April 29 order was void. It could not alter the terms of the March 23 order, which had become a final order pursuant to the department's rules. Therefore, the result reached by the district court is affirmed as to the one year revocation by DOT of petitioner's license and reversed as to the work permit issue.

We have considered other contentions made by the parties and find them to be without merit.

AFFIRMED IN PART AND REVERSED IN PART.

---

**1.** The department cites *Greenawalt v. Zoning Board of Adjustment of Davenport*, 345 N.W.2d 537, 546 (Iowa 1984), and *B & H Investments, Inc. v. City of Coralville*, 209 N.W.2d 115, 118–19 (Iowa 1973), in support of the proposition that a permit not legally granted is revocable at will. Both of those cases are distinguishable from the present one in that the governmental bodies that had jurisdiction over the granting of the permits did not by operation of law subsequently lose that jurisdiction. The powers of administrative agencies are subject to different restrictions from those applicable to municipalities.