**John KASH, d/b/a Kash Trucking, Appellee,**

v.

**IOWA DEPARTMENT OF EMPLOYMENT SERVICES, DIVISION OF JOB SERVICE, ADM Trucking, Inc., Appellants,**

and

**Donald Cavanaugh, et al., Respondents.**

No. 90–1582.

Supreme Court of Iowa.

Oct. 16, 1991.

Richard A. Davidson of Lane & Waterman, Davenport, for appellant ADM Trucking.

Walter F. Maley, Des Moines, for appellant Iowa Dept. of Employment Services.

Kenneth F. Schoenauer, Clinton, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and SNELL, JJ.

SCHULTZ, Justice.

This is an appeal from judicial review of a decision of an administrative agency, Job Service of Iowa. On September 15, 1988, the agency notified John Kash, doing business as Kash Trucking (Kash), of its determination that certain truck drivers were employees of Kash and it was responsible for unemployment contributions under Iowa Code chapter 96 (1987). Kash appealed this ruling and a hearing was held on December 23. On January 20, 1989, the administrative law judge (ALJ) determined that no employment relationship existed between the drivers and Kash. The ALJ suggested the drivers were employees of ADM Trucking, Inc. (ADM), a company that leased trucks from Kash.

On March 1, ADM requested a rehearing on the issue of its employer-employee relationship with the truck drivers, urging that it had not been properly notified that this issue was to be addressed at the initial hearing on December 23, 1988. Without giving notice, the ALJ vacated the January 20 ruling in its entirety and scheduled a new hearing with notice being given to all parties.

Despite Kash's objection that its employment relationship had been determined, a rehearing was held on May 10. A different ALJ found that the drivers were employees of Kash, rather than independent contractors as contended by Kash. Kash then sought judicial review in district court. The district court concluded that ADM's request for a rehearing was not within twenty days pursuant to Iowa Code section 17A.16(2) (1987), and that the ALJ had no authority to vacate the January 20 agency determination. We agree and affirm the district court's ruling.

Statutory law provides the time periods that control the outcome of this case. An employer liability determination by an ALJ becomes final within thirty days after the date of mailing the decision. Iowa Code § 96.7(4)(d) (1987). An application for rehearing must be filed within twenty days after the date of issuance of any final decision by the agency in a contested case. Iowa Code § 17A.16(2) (1987). We have stated the following:

> Once an agency decision has become final, there is no statutory authorization for subsequent agency review. Administrative agencies do "not possess common law or inherent powers, but only the powers which are conferred by statute."

*Franklin v. Iowa Dep't of Job Serv.*, 277 N.W.2d 877, 881 (Iowa 1979) (citations omitted). Since our statement in *Franklin*, we have consistently held that once the time periods have passed an agency is without further power to act. *Hall v. Iowa Merit Employment Comm'n*, 380 N.W.2d 710, 715 (Iowa 1986); *Foley v. Iowa Dep't of Transp.*, 362 N.W.2d 208, 210 (Iowa 1985); *Walker v. Iowa Dep't of Job Serv.*, 351 N.W.2d 802, 805 (Iowa 1984); *City of Des Moines v. Iowa Civil Rights Comm'n*, 343 N.W.2d 836, 839 (Iowa 1984).

In the present case, the relevant time periods in Iowa Code sections 17A.16(2) and 96.7(4)(d) had passed before ADM requested a rehearing. The portion of the January 20 ruling determining that no employee-employer relationship existed between the truck drivers and Kash became final with the expiration of these two statutory deadlines. As to Kash, the district court correctly determined that the ALJ was without authority to vacate the prior January 20 ruling.

On appeal, ADM admits that it was given notice of the initial hearing. However, ADM claims that it did not appear at the initial hearing because the notice did not refer to ADM's potential liability as an employer of the truck drivers. ADM contends that a hearing conducted without the required statutory notice is void. Even though this contention is generally true, it is inapplicable to Kash's situation. Kash was given proper notice of the hearing to determine its responsibility. The ALJ had jurisdiction over Kash and authority to rule on whether or not Kash was an employer. The ALJ's authority to determine ADM's status is another question. This question was not before the district court. Kash's judicial review action sought a determination of whether Kash, not ADM, was the employer of certain truck drivers and responsible for state unemployment contributions. ADM was not a necessary party to this determination.

ADM then suggests that its application for a rehearing can be more accurately characterized as a request for a first hearing to determine ADM's possible employer liability for unemployment contributions. Under this theory, the time period in section 17A.16(2) is inapplicable. This contention was not raised either in the agency hearings or petition for judicial review. To preserve error for appeal, a party must raise the issue before the agency. *Interstate Power Co. v. Iowa State Commerce Comm'n*, 463 N.W.2d 699, 701 (Iowa 1990). Consequently, we cannot determine whether ADM's application for a rehearing can be characterized as a first-hearing request; however, ADM may raise this claim before the agency or otherwise.

In summary, we affirm the district court's ruling that the administrative law judge had no authority to order a rehearing of its January 20 ruling as it applied to Kash. We do not have the issue of whether ADM was the employer of the truck drivers before us, therefore, we do not decide the validity of the January 20 determination of this issue.

AFFIRMED.