**2**

**ROYAL INSURANCE COMPANY and Shipping Utilities, Inc., Appellants,**

v.

**Honorable Richard R. ROUSSELOT, Respondent,**

**Edwin E. Kelly, Intervenor.**

**No. WD 37854.**

Missouri Court of Appeals, Western District.

Sept. 2, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

Harold J. Maddox, North Kansas City, for appellants.

William L. Webster, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for respondent.

John Charles Bragg, Kansas City, for intervenor.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal by employer and insurer from a judgment of the Circuit Court of Cole County quashing a preliminary writ of prohibition. The preliminary writ, issued upon appellants' application, had prohibited the respondent director of the Division of Workers' Compensation from proceeding with a claim for workers' compensation benefits by intervenor-employee, one Edwin E. Kelly. The claim of appellants is that a dismissal of an earlier claim by Mr. Kelly (the same claim as that asserted in the second proceeding) had constituted an adjudication thereof, and that hence the respondent on res judicata grounds had no jurisdiction of the second claim. The dismissal by the Division of the first claim had been recited to be "without prejudice" and was in pursuance of claimant's voluntary dismissal of the same "without prejudice".

■ We affirm the judgment of the trial court. The claimant's dismissal of his claim without prejudice, upon which the Division had entered its order of dismissal without prejudice, was not an adjudication of the claim, and was no bar to claimant's refiling the same and its hearing by the Division. This we think is clear from *Hugelman v. Beltone Kansas City Hearing Service Company*, 389 S.W.2d 220, 223 (Mo.App.1965), where a widow's earlier filing and voluntary dismissal of a workers' compensation claim for the death of her husband was held not to be an "appropria-

tion" thereof so as to prevent the later prosecution of such claim by a minor dependent of the decedent. Of the voluntary dismissal of the widow's claim the court said: "There was no appropriation of the claim and subsequent voluntary dismissal without more does in no sense constitute an appropriation under either the general law or under the Workmen's Compensation Law. The dismissal was without prejudice, and there was no determination of any rights or issues." 389 S.W.2d at 223. *See also Neal v. Krey Packing Co.*, 459 S.W.2d 527, 529 (Mo.App.1970).

█ Appellants point out that *Hugelman* antedated the enactment of § 287.655, RSMo 1978. That section, however, deals with an involuntary order of dismissal for failure to prosecute, and has no application to the present case.

The preliminary writ was correctly quashed. Judgment affirmed.

All concur.