# IN THE COURT OF APPEALS OF IOWA

No. 23-0212
Filed December 20, 2023

**HORMEL FOODS CORP.,**
        Plaintiff-Appellant/Cross-Appellee,

**vs.**

**YUNIOR TAMAYO-PEREZ,**
        Defendant-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        Parties appeal and cross-appeal a ruling on judicial review of agency action.

**AFFIRMED ON APPEAL; REVERSED ON CROSS-APPEAL.**


        Abigail A. Wenninghoff of Kuper, Wenninghoff & Block, PC, LLO, Omaha,

Nebraska (until withdrawal), and Alison E. Stewart and Jordan R. Gehlhaar of

Peddicord Wharton, LLP, West Des Moines for appellant/cross-appellee.

        Jennifer M. Zupp of Zupp and Zupp Law Firm, P.C., Denison, for

appellee/cross-appellant.


        Heard by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In this procedurally confusing case that has eschewed a basic tenet of our workers' compensation system—"to provide prompt compensation to employees who receive a work injury"—we are asked to decide issues mostly focused on the commission's "subject matter jurisdiction and statutory authority" in alternate-medical-care proceedings under Iowa Code section 85.27(4) (2021). *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 202 (Iowa 2010).

The employer, Hormel Foods Corp., claims that once employee Yunior Tamayo-Perez's application for alternate medical care was dismissed by the agency without prejudice, he could not file other applications requesting the same treatment. The district court rejected this claim, as do we. Hormel alternatively claims the court erred in concluding judicial estoppel applied, declining to stay agency action, and proceeding with entry of judgment. We reach the same conclusion as the court on each of these issues. Finally, we agree with Tamayo-Perez on his cross-appeal that the court erred in concluding the agency lacked authority to rule on a new application for alternate care filed while the judicial review proceedings were pending.

## I.  Background Facts and Proceedings

In December 2019, Tamayo-Perez sustained an injury to his lower back while working at Hormel. Hormel agreed the injury was work-related and authorized treatment for the back condition. In July 2021, Tamayo-Perez applied for alternate medical care under Iowa Code section 85.27(4) for his "[l]ow back, with radiculopathy to legs," seeking spinal-cord-stimulation treatment that he alleged Hormel was delaying. The application noted that Dr. Allen Eckhoff, the

authorized treatment provider, mentioned this treatment as an option in February and formally recommended it in May. Hormel filed a form answer, checking the box to "admit liability for the claim" but noting that it "has now authorized requested treatment." Tamayo-Perez voluntarily dismissed the petition without prejudice the next day.

Tamayo-Perez filed a second application for alternate care in September, alleging—as to the spinal-cord-stimulation treatment—that Hormel's third-party administrator and case manager "have been actively interfering with treatment recommendations and not scheduling care in a timely manner." As with the first application, this one identified the affected body part as "[l]ow back with radiculopathy," which "caused need for care to" the "T and L spine." In its answer, Hormel again admitted liability for the claim relating to the "back/spine" but submitted it tried to schedule the necessary appointments,[1] with any delays being due to Dr. Eckhoff. Following a hearing on October 11, a deputy commissioner granted Tamayo-Perez's application and ordered Hormel to "promptly authorize any and all treatment recommended by the authorized treating physicians, Dr. Eckhoff and Dr. Kopp, for his work-related condition, including but not limited to his scheduled MRIs and his psychological evaluation."

Shortly after the deputy's ruling, Tamayo-Perez filed a third petition for alternate care, asking to see a different physician for his psychological evaluation because she could conduct it sooner. For the third time, Hormel admitted liability for the claim relating to the "back/spine" but denied that an order for alternate care

---

[1] Undergoing MRIs of the lumbar and thoracic spine and a psychological evaluation were prerequisites to receiving spinal cord stimulation.

was necessary. While the deputy granted the application, it found Tamayo-Perez's counsel "may have jumped the gun to some degree" by filing before Hormel's counsel had a chance to discuss the request with her client.

Despite these efforts to secure the spinal-cord-stimulation treatment, the record discloses that Tamayo-Perez ultimately decided not to pursue it. Instead, on April 27, 2022, Tamayo-Perez filed a fourth application for alternate medical care. He alleged that Dr. Eckhoff recommended additional care on April 18—including physical therapy; treatment from a pain management physician; "and an evaluation with a physical medicine and rehabilitation provider, to consider osteopathic manipulative therapy"—but Hormel denied further care based on a stale opinion by orthopedic spine and trauma surgeon Dr. Todd Harbach. This time, in its answer filed the next day, Hormel checked the box to "den[y] liability for the claim," specifying in the space provided on the form that it "den[ied] any additional treatment for the back as unrelated to the work injury per the attached medical opinions."

The attached medical opinions started with one from Dr. Harbach on January 28, 2021, that stated Tamayo-Perez did not need "any further supervised treatment" for his "degenerative back, which may flare up and give him troubles from time to time." That opinion was followed by another from Dr. Harbach in June, containing the following diagnosis based on his one-time examination of Tamayo-Perez: "The patient aggravated a pre-existing degenerative condition and L4-L5 and L3-L4. Work will not cause degeneration of the discs, but it can aggravate it and this aggravation is temporary in nature." Dr. Harbach did not "believe that aggravation of a pre-existing degenerative condition warrants an impairment" and

placed Tamayo-Perez at maximum medical improvement on "the date I saw him [on] January 28, 2021." The last opinion from Dr. Harbach came in February 2022, after Hormel asked him to review more medical records for Tamayo-Perez. After doing so, Dr. Harbach stated:

> The records I have reviewed today did not change my opinions that I have previously written. I believe the records I reviewed today are not unexpected as a slow progression in the treatment of patient's lumbar spine that is degenerating over time and continues to give him difficulties. All the treatment that has been done and treatment that is being recommended is all reasonable.

On May 6, the deputy dismissed the application "without prejudice" because of Hormel's "denial of liability," citing *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 197 n.2 (Iowa 2003) (noting commissioner has no ability to decide alternate-care claim unless compensability of the injury is conceded). The deputy explained Tamayo-Perez could obtain reasonable medical care from the provider of his choice and seek reimbursement "using regular claim proceedings."

A few days later, Tamayo-Perez filed an "application for rehearing due to judicial estoppel," arguing Hormel could not change its position on liability after conceding it in the prior alternate-care proceedings absent a "significant change in facts," which was not present. Hormel resisted, arguing it was not changing its position on whether the injury itself was work-related but denying that the newly requested care was related to that injury. The deputy denied rehearing on May 12 because there "is no rule or statutory provision which specifically allows rehearing of a dismissal without prejudice." However, the deputy commented that "since the petition [for alternate medical care] was dismissed without prejudice, the

appropriate remedy for the claimant is to refile his petition and specifically assert the issue of judicial estoppel."

Tamayo-Perez did so less than two hours later. The May 12 application alleged: "Authorized, treating physician has recommended additional care. Even though defendants have admitted liability twice in prior alternate care rulings, and said admissions have been judicially-accepted, defendants now say they are denying further medical care, for inappropriate reasons." In its answer, Hormel again denied liability and "any additional treatment for the back as unrelated to the work injury." Hormel also requested that the petition be dismissed as "barred by the principles of res judicata and/or claim preclusion." Expanding on that position at the hearing on the application, Hormel argued the "entire hearing is improper" because the same application had been dismissed at the beginning of the month. The deputy disagreed, telling the parties that the hearing would proceed "so I can get enough evidence to determine whether the principles of judicial estoppel apply, and also look at the underlying evidence in the case." Each party then offered exhibits on the alternate-care issue, which were admitted by the deputy.[2]

In its ruling, the deputy identified two issues: (1) "whether the defendant is barred from denying liability based upon the principle of judicial estoppel" and (2) "whether the claimant is entitled to alternate medical care," specifically the "treatment recommended by Allen Eckhoff, M.D., an authorized treating

---

[2] Tamayo-Perez's exhibits included an office note from Dr. Eckhoff on April 18, 2022, a physical therapy referral made on the same day, an email exchange between counsel about Tamayo-Perez's requested treatment, and a May 18, 2022 report from Dr. Eckhoff. Hormel's exhibits consisted of Dr. Harbach's reports that were attached to its answer denying liability, a July 2021 report from neurosurgeon Dr. Troy Munson, and an April 18, 2022 denial-of-care letter.

physician." On the first issue, the deputy determined that Hormel's admissions of liability to Tamayo-Perez's second and third applications for alternate care, which were accepted by the agency in granting that care, estopped Hormel from denying liability for further treatment, with no significant change in facts that would allow Hormel to change its position. On the second issue, the deputy found the

> evidence supports the claimant's request for alternate medical care. He has moved out of state and his treating doctor has recommended referral to a new pain specialist in addition to some additional physical therapy which has helped with his symptoms in the past. The authorized physician has recommended this care. The denial of care is unreasonable.

The deputy accordingly granted Tamayo-Perez's application.

Hormel petitioned for judicial review in the district court, arguing (1) the commission "lacked subject matter jurisdiction" because the only avenue for Tamayo-Perez to challenge the initial dismissal of his petition was judicial review and there was no authority for one deputy to overrule another on the same issue; (2) the court misconstrued the facts and misapplied the law in concluding it was judicially estopped; and (3) it was denied its "right to dispute liability as to cause, extent, or circumstance."

On June 27, Tamayo-Perez filed with the district court a motion for entry of judgment under Iowa Code section 86.42. The same day, Tamayo-Perez filed his sixth application for alternate care with the agency, alleging Hormel "abandoned its duty to provide medical care," given its failure to provide care despite the deputy's prior ruling. Tamayo-Perez requested an order permitting him to choose his own care at Hormel's expense.

In the district court proceedings, Hormel responded with a combined motion to stay agency proceedings and dismiss Tamayo-Perez's motion for judgment. At the agency level, Hormel sought dismissal of Tamayo-Perez's sixth alternate-care application, arguing it encompassed the same issues on judicial review. A deputy denied Hormel's motion to dismiss, and a hearing on Tamayo-Perez's new application for alternate care was held before the deputy on July 8.

At the start of the hearing, Hormel took pains to once again clarify that it "did not deny liability for the claim" but instead denied "liability for the treatment requested" as "not causally related to the work injury." Hormel then asserted the agency had authority to stay the proceedings while the judicial review proceeding was pending. In the alternative, Hormel argued "legally there is no abandonment [of care], we appealed it. That's what we're allowed to do." In a July ruling, the deputy determined the agency lacked authority to enter a stay but agreed that Hormel's decision to seek judicial review could not lead to a finding of abandonment. That said, the deputy found Hormel's failure to offer "treatment of any kind" following Dr. Eckhoff's April 18, 2022 recommendations entitled Tamayo-Perez to seek out his own pain management physician, with Hormel "responsible for the expenses."

Hormel filed a second petition for judicial review of this ruling, after which the parties agreed to consolidate the judicial-review proceedings. In August, Tamayo-Perez filed a second motion for entry of judgment, this time on the deputy's abandonment ruling.

In its brief for judicial review, Hormel argued the deputy had no statutory authority or subject-matter jurisdiction to consider the alternate-care applications

that were filed after the April 27, 2022 application was dismissed. According to Hormel, Tamayo-Perez's only options following that dismissal were to pursue judicial review or litigate the matter as a regular arbitration claim, not to file successive applications asserting the same issues. Hormel also argued that allowing compensability of specific treatment to be determined in an alternate-care setting violated its due process rights. As to judicial estoppel, Hormel asserted the deputy erred in concluding it was estopped from denying liability for the recommended treatment because its positions were not inconsistent.

In its ruling, the district court first denied Hormel's request for a stay of agency proceedings and then granted Tamayo-Perez's first motion for entry of judgment on the agency's May 25 order for alternate medical care. The court determined the agency had jurisdiction and authority to consider Tamayo-Perez's successive applications because the April application was dismissed without prejudice and the later ones, although seeking the same care, requested that Hormel "be barred on the premise of judicial estoppel from denying liability when it had admitted liability twice before." The court found the agency correctly determined judicial estoppel applied to prevent Hormel from denying liability for the treatment. Yet the court concluded "the agency did not have the authority to hear and rule on [Tamayo-Perez's] newest application for alternate care" alleging abandonment because it could render the district court's ruling on judicial review ineffective. So the court affirmed the agency's May order but vacated the July order.

Hormel appeals, claiming the district court erred in (1) concluding the agency had "subject matter jurisdiction and statutory authority to hear and rule" on

the fifth application for alternate medical care, (2) determining judicial estoppel applied to prevent Hormel from denying liability, and (3) declining to issue a stay and entering judgment on the agency's May 25 order for alternate care. Tamayo-Perez cross-appeals, challenging the court's conclusion that the agency could not consider the sixth alternate-care application.

## II. Standard of Review

"Judicial review of agency decisions is governed by Iowa Code section 17A.19" (2020). *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017) (citation omitted). The district court acts in an appellate capacity in judicial-review proceedings. *Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013) (citation omitted). On appeal, this court "appl[ies] the standards of section 17A.19(10) to determine if we reach the same results as the district court." *Brakke*, 897 N.W.2d at 530 (citation omitted). If so, "we affirm; otherwise, we reverse." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012) (citation omitted).

## III. Analysis

### A. Jurisdiction and Authority

With the procedural stage set, we turn to Hormel's claim that "the district court erred in finding that the deputy commissioner had subject matter jurisdiction and statutory authority to hear and rule on the May 12, 2022 petition for alternate care." According to Hormel, the dismissal of the April application ended any questions about the alternate care requested because the dismissal was final agency action and Tamayo-Perez did not seek judicial review of that dismissal or file an arbitration petition. As a result, Hormel contends the agency's May 25

alternate-care decision is void. *See, e.g.*, *Franklin v. Iowa Dep't of Job Serv.*, 277 N.W.2d 877, 881 (Iowa 1979) ("Once an agency decision has become final, there is no statutory authorization for subsequent agency review.").

Hormel's position that the dismissal was final agency action is based on a 2015 order from the workers' compensation commissioner. In that order, the commissioner gave the deputy presiding over the alternate-care proceeding authority to issue the final agency decision on the application, *see* Iowa Code § 86.3, and declared "[t]here is no right of intra-agency appeal on this decision." But Hormel ignores the fact that there was no decision on the merits because it checked the box on the answer form denying liability. *See Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 244–45 (Iowa 2018) (noting dismissal due to disputed compensability is a procedural denial rather than an adjudication on the merits). Instead, the agency's order dismissed the application "without prejudice." *See* Iowa Admin. Code r. 876-4.48(6) ("If an application is filed where the liability of the employer is an issue, the application will be dismissed without prejudice.").

A "dismissal without prejudice" is commonly understood to be "[a] dismissal that does not bar the plaintiff from refiling . . . ." *Dismissal*, Black's Law Dictionary (11th ed. 2019). In other words, it "leave[s] the plaintiff in the same position as if the action never had been filed." *Rucker v. Taylor*, 828 N.W.2d 595, 603 (Iowa 2013) (quoting 4B Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137, at 399 (3d ed. 2002)).[3] "It ends the particular case but is not

---

[3] *Accord Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *Royal Ins. Co. v. Rousselot*, 720 S.W.2d 2, 2 (Mo. Ct.

such an adjudication itself as to bar a new action between the parties." *Venard v. Winter*, 524 N.W.2d 163, 167 (Iowa 1994) (citation omitted). Because the curtain had not closed on refiling, Hormel is incorrect that the deputy lacked jurisdiction or authority to consider requests for alternate medical care after the April application was dismissed. We accordingly affirm the district court's conclusion on this issue.

### B. Judicial Estoppel

Hormel next claims "the district court erred in finding that Hormel was judicially estopped from denying the care recommended by Dr. Eckhoff."[4] The doctrine of judicial estoppel "prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding." *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 196 (Iowa 2007) (quoting *Vennerberg Farms, Inc. v. IGF Ins. Co.*, 405 N.W.2d 810, 814 (Iowa 1987)). The requirements for the doctrine's application are (1) "the successful assertion of [an] inconsistent position in a prior action" and (2) "judicial acceptance of the inconsistent position." *Id.* (quoting *Vennerberg Farms*, 405 N.W.2d at 814). "[W]here there is no risk of inconsistent or misleading

---

App. 1986) (concluding dismissal of workers' compensation claim without prejudice "was not an adjudication of the claim, and was no bar to claimant's refiling the same and its hearing"); *Harris v. Delong*, No. 17AP-676, 2018 WL 3146062, at *2 (Ohio Ct. App. June 26, 2018) ("Generally, a dismissal without prejudice constitutes 'an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit' because it places the parties in the same position they were in before the plaintiff filed the action." (citation omitted)); *Regions Bank v. Prager*, 625 S.W.3d 842, 846 (Tenn. 2021) ("[U]nless the dismissal of the first lawsuit was designated 'with prejudice,' the dismissal was neither with nor without prejudice and did not bar the plaintiff from refiling its lawsuit."); *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 554 (Tex. App. 2009) (noting general rule is that a dismissal without prejudice "constitutes no bar to refiling").

[4] Hormel did not challenge the merits of the agency's decision finding its denial of care was unreasonable on judicial review or on appeal.

results, the rationale underlying the judicial estoppel doctrine is not advanced and there is no reason to apply the doctrine." *Id.* at 198.

The lynchpin here is inconsistency. Hormel argues its "admission that [Tamayo-Perez] suffered a compensable work injury is not inconsistent with their denial that the treatment of Dr. Eckhoff is not related to that injury." This is because, according to Hormel, if the matter proceeded to an arbitration hearing, Tamayo-Perez would "not have to prove compensability of the injury" but only "that the treatment recommendations of Dr. Eckhoff were related to the admitted injury." Hormel contends its "admission that Tamayo-[Perez] suffered a work injury, is not an admission that all treatment following after is causally related to that injury." Tamayo-Perez does not really respond to this nuanced argument, instead broadly asserting "there is no question that the Agency's finding of fact that the Employer admitted liability for the injury twice, and had the admission accepted and relied upon by the Agency, twice, was supported by substantial, indeed undeniable, evidence."

As a general proposition, we agree with Hormel that "[a]n employer may properly admit to an injury arising out of and in the course of employment while still contesting liability for all of the consequences and any disability claimed to result from such injury" without asserting inconsistent positions. *See NID, Inc. v. Monahan,* No. 14-0292, 2015 WL 1332332, at *4 (Iowa Ct. App. Mar. 25, 2015) (applying this principle to find judicial estoppel did not apply to an employer who stipulated that an employee suffered a work injury but "contested causation and liability at every point"); *accord McGowan v. Brandt Constr. Co.*, No. 09-1033, 2010 WL 2079704, at *9 (Iowa Ct. App. May 26, 2010) (concluding employer was not

judicially estopped from disputing "the nature and extent of the injury and any disability resulting therefrom" even though employer admitted the employee sustained a work-related injury). But that's not really what Hormel is doing.

Hormel's denial of liability in answer to the May application for alternate medical care stated: "[Hormel] den[ies] any additional treatment for the back as unrelated to the work injury per the attached medical opinions." Trouble is, all the opinions except one predated Hormel's earlier admissions of liability for Tamayo-Perez's "back/spine." Dr. Harbach's June 24, 2021 report stated: "The patient aggravated a pre-existing degenerative condition at L4-L5 and L3-L4. Work will not cause degeneration of the discs, but it can aggravate it and this aggravation is temporary in nature." He placed Tamayo-Perez at maximum medical improvement as of January 28, 2021, and determined he "should require no further medical treatment related to his aggravation of his degenerative problem." Neurosurgeon Dr. Troy Munson similarly stated in July 2021 "that the patient's diagnosis is not related to an acute injury. The patient has age-appropriate degenerative disc changes at the lumbar 4 – lumbar 5 level." He determined Tamayo-Perez was not a surgical candidate and stated from "a neurological standpoint, there are no work restrictions for this patient." The one opinion that came after Hormel's admissions of liability was Dr. Harbach's February 2022 report stating his prior opinions were unchanged.

The substance of these opinions is that Tamayo-Perez's injury was not work-related, and he did not need treatment. Indeed, Hormel's counsel argued as much at the hearing on the application for alternate medical care: "Dr. Harbach saw [Tamayo-Perez] and he said . . . there was nothing work related, no further

treatment was needed, a year prior. . . . [I]n the interest of moving things along, we authorized treatment anyway."  By using these prior opinions to deny the treatment recommended by the authorized physician, Hormel is essentially contesting liability for the stipulated "back/spine" injury, which is inconsistent with its earlier judicially accepted admissions.  *See Hayes v. Rosenbaum Signs & Outdoor Advert., Inc.*, 853 N.W.2d 878, 883 (S.D. 2014) (applying judicial estoppel where employer retained a new expert to derive a new position "based on the same facts contrary to what was previously admitted and judicially accepted").  As the deputy found, Hormel "has simply been carrying around a basis for denial in its back pocket which it chose not to use until this latest dispute."

We accordingly agree with the agency and the district court that Hormel was judicially estopped from denying liability for the fifth alternate-care application that Tamayo-Perez filed in May.

### C.    Stay and Entry of Judgment

Hormel's final argument on appeal is that "the district court erred in denying [its] application for stay of agency proceedings and entering a judgment."  Pursuing judicial review does not stay enforcement of agency action, but a party may ask for a stay from the reviewing court during the pendency of judicial review.  Iowa Code §§ 17A.19(5)(a)–(b); 86.26(1).  The entry of judgment is mandatory if it is presented to the district court and execution or enforcement of the decision of the agency has not been stayed.  *See id.* § 86.42.

Hormel does not argue it was entitled to an automatic stay under a 2017 amendment to section 86.26(2),[5] only a discretionary stay under the criteria in section 17A.19,[6] which both parties assume remains a separate avenue after the amendment to section 86.26. We do not need to decide whether the district court correctly applied these criteria because the court ruled on liability for alternate medical care, stay, and entry of judgment all at once. Because we conclude the district court did not err in affirming the agency's decision to grant that alternate-care application, Hormel's substantial rights were not prejudiced by the court's denial of its motion for stay and entry of judgment on the agency's decision. *See id.* § 17A.19(10) ("The court shall reverse, modify, or grant other appropriate relief from agency action . . . if it determines that substantial rights of the person seeking judicial relief have been prejudiced. . . ."); *Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 671 (Iowa 2005) (finding "this 'substantial rights' language analogous to a harmless error rule" and recognizing the "commissioner's action 'should not

---

[5] The amendment applies to injuries occurring on or after July 1, 2017, which includes Tamayo-Perez's 2019 injury, and provides for mandatory entry of a stay upon certain criteria, including the posting of "a bond securing any compensation awarded." Iowa Code § 86.26(2).

[6] Section 17A.19(5)(c) provides that a stay may be granted "after a consideration and balancing of all of the following factors":

> (1) The extent to which the applicant is likely to prevail when the court finally disposes of the matter.
> (2) The extent to which the applicant will suffer irreparable injury if relief is not granted.
> (3) The extent to which the grant of relief to the applicant will substantially harm other parties to the proceedings.
> (4) The extent to which the public interest relied on by the agency is sufficient to justify the agency's action in the circumstances.

be tampered with unless the complaining party has in fact been harmed'" (citation omitted)). We accordingly affirm the district court on these issues.

### D. Abandonment

On cross-appeal, Tamayo-Perez claims the district court incorrectly determined the agency lacked jurisdiction to hear the sixth alternate-care application alleging abandonment. In Tamayo-Perez's view, because a stay of agency action was never entered, the commission had the ability to rule on the petition. Hormel responds by arguing that the commission could not issue any further rulings on the same care that was pending on judicial review.

The district court essentially concluded the commission could not consider the sixth petition while a separate petition requesting the same care was pending on judicial review. Tamayo-Perez cites *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 437 (Iowa 1999) to support his argument that he could continue to pursue remedies in the agency since a stay wasn't in place. But that case says nothing about whether a stay was in place, and it only explained that a claimant could pursue separate remedies for entry of judgment under section 86.42 or penalty benefits under section 86.13. *See Simonson*, 588 N.W.2d at 437. So neither party really provides authority to support their side on this issue, and we have found nothing directly on point.

We have, however, recognized that the "mere fact an employer has a right to seek judicial review of an agency decision does not stay the employer's obligation to pay benefits or act in a reasonable manner." *Schadendorf v. Snap-On Tools Corp.*, No. 02-1923, 2004 WL 57584, at *3 (Iowa Ct. App. Jan. 14, 2004); *see* Iowa Code § 17A.19(5)(a); 86.26(2). Because no stay was in place, we

conclude there was nothing preventing the agency from deciding the sixth application for alternate care. *See, e.g.*, *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Mulford*, 625 N.W.2d 672, 682 (Iowa 2001) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal."). So, we reverse the district court on this last issue.

## IV. Conclusion

We affirm the district court on its conclusions that the agency had jurisdiction and authority to consider the May petition for alternate medical care and that the agency properly applied the concept of judicial estoppel. As a result, we conclude the court's denial of Hormel's motion for stay and its entry of judgment on the May alternate-care decision did not prejudice Hormel's substantial rights. But we reverse the court's conclusion that the agency did not have jurisdiction to hear the sixth alternate-care application alleging abandonment and its vacation of that decision.

**AFFIRMED ON APPEAL; REVERSED ON CROSS-APPEAL.**